**Joe C. SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40960.**

Court of Criminal Appeals of Texas.

Jan. 24, 1968.

Ochsner, Nobles & Baughman by Frank J. Baughman, Amarillo, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The indictment drawn under the provisions of Article 489c, Vernon's Ann.P.C., alleged that appellant, on or about April 14, 1967, had in his possession away from the premises upon which he resided, a pistol, he having been convicted on February 22, 1956, in Cause No. 9592 in the 47th District Court of Potter County, Texas, of robbery by assault and he having served a term in the penitentiary under such conviction.

A jury being waived, the trial was before the court upon a plea of not guilty. Judgment was rendered adjudging appellant guilty and assessing his punishment at four (4) years confinement in the Texas Department of Corrections.

Appellant presents four grounds of error, two of which relate to the failure of the court to grant a motion for judgment of acquittal presented at the conclusion of the testimony. Appellant first contends that he is being unconstitutionally subjected to an ex post facto application of Article 489c, supra, as Section 1 thereof was not in effect in its present form on February 22, 1956, the date of his conviction for robbery by assault, which he contends was not a felony involving an act of violence with a firearm.

Article 489c, supra, was originally enacted in 1949. (Acts 1949, 51st Leg., p. 1186, Ch. 599, Sec. 1). Section 1 thereof at the time read as follows:

"It shall be unlawful for any person who has been convicted of a felony involving an act of violence with a firearm under the Laws of the United States or of the State of Texas, or of any other State, to have in his possession away from the premises upon which he lives, any pistol, revolver or any other firearm capable of being concealed upon the person."

In 1957 Section 1 of Article 489c, supra, was amended to read as follows:

"Section 1  It shall be unlawful for any person who has been convicted of *burglary or robbery, or* a felony involving an act of violence with a firearm under the laws of the United States or of the State of Texas, or of any other state, *and who has served a term in the penitentiary for such conviction,* to have in his possession away from the premises upon which he lives any pistol, revolver or any other firearm capable of being concealed upon the person." (Acts 1957, 55th Leg., p. 50, Ch. 28, Sec.1) (Amendments or additions italicized)

It is observed that the emergency clause of such legislation reads in part as follows:

"Sec. 3  The fact that many ex-convicts not now subject to the act amended herein are in possession of firearms which are used for violation of the laws of this state creates an emergency and * * *."

In Hill v. State, 146 Tex.Cr.R. 333, 171 S.W.2d 880, this Court quoted with approval the definition of ex post facto laws set forth in Calder v. Bull, 3 Dall. 386, 390, 1 L.Ed. 648 as follows:

"Mr. Justice Chase has tersely summarized ex post facto law to be every law that makes an action done before the passing of the law and which was innocent when done to become criminal and punishable as such; every law that aggravates a crime or makes it greater than when it was committed; every law that changes and inflicts a greater punishment; and 'every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.' "

It is difficult for us to see how appellant can claim that his conviction under Article 489c as amended, resulting from his actions on April 14, 1967, rendered him

subject to an ex post facto application of said statute.

The prior conviction for robbery was an essential element of the offense denounced by Article 489c, supra, and it was necessary that it be alleged in the indictment for jurisdictional purposes.

In Long v. State, 170 Tex.Cr.R. 177, 339 S.W.2d 215 (1960), while the specific question here presented was not raised, a conviction under Article 489c, supra, was affirmed under similar circumstances where the prior conviction (1954) was for burglary.

We further observe that at the time of appellant's conviction for robbery on February 22, 1956, he was granted probation, which was subsequently revoked, causing him to be sentenced on March 22, 1960, long after the 1957 amendment to Article 489c, supra.

We cannot conclude that Article 489c, supra, was given an ex post facto application in the case at bar in violation of Article I, Sec. 10, U.S. Constitution, or Article I, Sec. 16, Texas Constitution, Vernon's Ann. St., or Article 10, V.A.P.C.

Appellant further contends that his motion for judgment of acquittal should have been granted for the failure of the State to allege and to negate the exceptions contained in Section 4 of Article 489c, supra.

Such section, which has remained unchanged since its original enactment in 1949, reads as follows:

"Section 4 The penal provisions of this act shall not apply to any person commissioned as a peace officer, employed as a guard or watchman nor to any person who has not been convicted of a penal offense during the five-year period next immediately following his discharge or release from the penitentiary."

The rules governing when exceptions to the operation of a criminal statute must be negatived in the State's pleading is found in Baker v. State, 132 Tex.Cr.R. 527, 106 S.W.2d 308.

In Baker v. State, supra, at page 311, it was stated:

"From what we have said above, and as far as we have been able to ascertain, our courts have uniformly held that when the Legislature sees fit to create exceptions to the general penal provisions of a statute if such exceptions be placed in a separate section or article from the one containing the definition of the offense, or if they be not such as to be essential to the definition of the offense, it will not be necessary to negative such exceptions in the indictment charging such offense."

See also McClane v. State, 170 Tex.Cr.R. 603, 343 S.W.2d 447; Stevenson v. State, 145 Tex.Cr.R. 312, 167 S.W.2d 1027; 1 Branch's Ann.P.C.2d Ed., Sec. 530, p. 508.

█ The exceptions separately contained in Section 4 of Article 489c, supra, are clearly not a part of the definition of the offense. These exceptions are matters of excuse only, and it is for the party who claims such excuse to bring it forward in his defense. See Baker v. State, supra.

█ We therefore hold that the State was not required to plead or prove the exceptions contained in said Section 4 in order to sustain a conviction under Article 489c, supra.

The trial court properly overruled the motion for judgment of acquittal.

█ Appellant is in no position to complain on appeal about the introduction in evidence of an extraneous offense where he failed to object in the trial court. Freeman v. State, Tex.Cr.App., 357 S.W.2d 757. We, therefore, reject appellant's ground of error that trial court reversibly erred when appellant's 1963 conviction for assault with intent to rape was introduced by the State without objection. The State further contends that while not its obligation the same was introduced to negate one of exceptions

contained in Section 4 which appellant insists the State was required to do. No error is presented.

We find no merit in appellant's claim that the 1957 amendment to Article 489c, supra, was unconstitutional because the "caption" of said article, as amended, is in direct conflict with Section 1 thereof. Appellant confuses the "caption" used by the Vernon Law Book Company above said article· in Vernon's Annotated Penal Code with the title of the bill as enacted by the legislature. The "caption" referred to by appellant and used by Vernon's was not changed after the 1957 amendment, but such "caption" does not constitute a part of the statute.

The judgment is affirmed.