Dwayne Keith JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00871–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 2001.

Paul Nugent, Houston, for appellant.

John B. Holmes, Dist. Atty., Donald W. Rogers, Jr., Asst. Dist. Atty., Houston, for State.

Panel consists of Justices WILSON, TAFT, and PRICE.*

## OPINION ON MOTION FOR REHEARING

TAFT, Justice.

Appellant, Dwayne Keith Jordan, has filed a motion for rehearing asking us to reexamine our opinion of May 24, 2001, in which we affirmed his conviction. We withdraw our opinion and judgment of Mary 24, 2001, and issue this opinion in its place. We expand our treatment of points of error three and eight to address their merits, but deny appellant's motion for rehearing.

Appellant was charged by indictment with possession of a firearm by a felon. TEX. PEN.CODE ANN. § 46.04 (Vernon 1994). Appellant pled guilty, pursuant to a plea-bargain agreement. The trial court found appellant guilty and assessed punishment at five years in prison. Appellant brings eight points of error, claiming the denial of

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

his motion to quash the indictment was reversible error because: the term "possess" has multiple statutory meanings and is vague; the term "firearm" was not described in the indictment; and section 46.04 of the Penal Code, as applied to appellant, violates (1) the Texas Constitution's restrictions on the authority of the legislature to limit the right to "wear" firearms, (2) the due process, due course of law, and ex post facto provisions of the Texas and United States Constitutions, and (3) the Texas Constitution's prohibitions against retroactive laws. We affirm.

### Background

The indictment alleged appellant:

unlawfully, intentionally and knowingly possess[ed] a firearm, after having been convicted of a felony, namely, POSSESSION OF MARIHUANA in the 23rd DISTRICT COURT of BRAZORIA COUNTY, Texas, in Cause Number 26,-982 on January 21, 1994, and said possession of a firearm occurred before the fifth anniversary of [his] release from supervision under parole on December 23, 1997.

The indictment further alleged, as enhancement:

before the commission of the offense alleged above, on June 26, 1989, in Cause Number 498473, in the 183rd District Court of Harris County, Texas, [appellant] was convicted of the felony of aggravated robbery.

The trial court denied appellant's timely filed motion to quash the indictment before receiving appellant's negotiated guilty plea. We have no reporter's record of a hearing on the motion to quash.

### Denial of Motion to Quash

■ Appellant raises eight points of error complaining of the trial court's denial of his motion to quash the indictment. We review the trial court's rulings on a motion to quash an indictment for abuse of discretion. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App. [Panel Op.] 1980); *State v. Goldsberry*, 14 S.W.3d 770, 772 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd). The test for abuse of discretion is not whether the reviewing court deems that the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles by acting arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990 & 1991).

### A. Specificity of Form of "Possession" and Type of Firearm

■ In his first two points of error, appellant contends the indictment should have been quashed because "possess," the term used to describe his criminal conduct, has multiple statutory meanings and is vague, and the term "firearm" is not sufficiently specific to provide adequate notice, support a plea in bar, or assure jury unanimity. Appellant maintains the indictment did not provide him adequate notice.

Without a reporter's record from the hearing on appellant's motion to quash, however, we are unable to determine what effect, if any, the overruling of appellant's motion to quash might have had, either on his preparation for trial or his defense at trial. *See Opdahl v. State*, 705 S.W.2d 697, 699 (Tex.Crim.App.1986) (holding that absence of statement of facts precluded review of denial of motion to quash).

We overrule appellant's first and second points of error.

### B. Constitutional Challenges to Section 46.04

■ In addressing constitutional challenges to a statute, we begin by presuming

the statute is valid. *Garay v. State,* 940 S.W.2d 211, 215 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). The burden to establish unconstitutionality is on the challenger, and we construe the statute liberally, in favor of constitutionality. *Id.*

### 1. Right to Bear Arms—Texas Constitution

In his third point of error, appellant contends the indictment should have been quashed because section 46.04 of the Penal Code [1] conflicts with his right to keep and bear arms under article I, section 23 of the Texas Constitution and is, therefore, void as applied to him. Appellant argues the regulatory grant accorded the legislature by article I, section 23 is limited to the "wearing" of arms "to prevent crime." [2] Because he was charged with "possession," appellant contends section 46.04 exceeds the constitutional limitation.

■ Before we can decide whether a statute is constitutional, we must first resolve whether the party raising the claim has standing. *See Meshell v. State,* 739 S.W.2d 246, 250 (Tex.Crim.App.1987). For appellant to have standing to invoke article I, section 23, he must first show he is a state citizen. The record before this Court, which lacks a reporter's record of the hearing on appellant's motion to quash, does not show that he is.

■ The term "citizen" in certain constitutional provisions, such as article I, section 19's right to due course of law, has been held to include citizens and non-citizens. *See American Fed'n of Labor v. Mann,* 188 S.W.2d 276, 288 (Tex.Civ. App.—Austin 1945, no writ). The rights to vote, hold office, serve as a juror, and

engage in certain strictly regulated activities, on the other hand, have been held to apply only to citizens. *Id.* Because the right to keep and bear arms is more like those rights held to be applicable only to citizens, we hold it is necessary for one to establish state citizenship in order to have standing to invoke article I, section 23. Appellant has not presented us with a record in this case showing he has standing to invoke the right as a state *citizen* to keep and bear arms.

■ Even if appellant had standing, however, his argument that section 46.04 is unconstitutional is without merit. The Fort Worth Court of Appeals recently addressed this issue of first impression in *Wilson v. State,* 44 S.W.3d 602 (Tex.App.— Fort Worth 2001, pet. ref'd). We agree with the Fort Worth Court of Appeals that the Texas Legislature had a rational basis for restricting a convicted felon's possession of firearms. *See id.* at 605.

Accordingly, we overrule appellant's third point of error.

### 2. Due Process and Due Course of Law—Texas and United States Constitutions

In his fourth and fifth points of error, appellant contends the indictment should have been quashed because section 46.04 of the Penal Code, as applied to him, denies him due process under the due course of law and due process provisions of the Texas and United States Constitutions. U.S. Const. amend. XIV; Tex. Const. art. I, § 19. Appellant acknowledges that *Shepperd v. State* upheld the predecessor to section 46.04 against a due process challenge, but emphasizes that the predecessor

---

1. Tex. Pen.Code Ann. § 46.04 (Vernon 1994).

2. Article I, section 23 of the Texas Constitution provides: Every *citizen* shall have the right to keep and bear arms in the lawful defense of himself or the State; but the Legis-

lature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime. Tex. Const. art. I, § 23 (emphasis added).

statute applied only to felons convicted of a crime of violence. 586 S.W.2d 500, 502, 503 n. 4 (Tex.Crim.App.1979).

■■■ As this Court has recognized, we apply essentially the same standards in assessing due course of law challenges under the Texas Constitution and due process challenges under the United States Constitutions, especially when, as here, the challenger's briefing provides no authority for more expansive protection under the Texas Constitution, and thus presumes the same analysis applies. *See Garay*, 940 S.W.2d at 217–18.

The federal counterpart to section 46.04 is section 922(g)(1) of title 18 of the United States Code. 18 U.S.C. § 922(g)(1) (1994). The federal statute prohibits possession of a firearm by persons convicted of (1) crimes punishable by imprisonment for a term exceeding one year, (2) other specified felonies, and (3) even misdemeanors involving domestic violence. 18 U.S.C. § 922(g)(1)—(8) (1994 & Supp. V 1999). Like section 46.04, therefore, the federal statute is no longer restricted to felons convicted of violent crime. Like section 46.04, the federal statute substituted a broader, more precise standard (conviction of a crime, violent or otherwise, punishable by imprisonment for more than one year), for a narrower, somewhat imprecise qualitative standard (conviction of a crime of violence). *See United States v. Giles*, 640 F.2d 621, 624–25 (5th Cir.1981).

■■■ *Giles* concerned a constitutional challenge to the federal statute under virtually identical grounds to those appellant raises here. In *Giles*, the defendant claimed the federal statute, as amended to include convictions for nonviolent crimes, violated the equal protection guarantees rooted in the Due Process Clause, on which appellant relies here, by not distinguishing between violent and nonviolent prior convictions. *Id.* at 624. In rejecting

the challenge, the United States Court of Appeals for the Fifth Circuit joined several other federal circuit courts in concluding the statute was rationally related to the congressional goal of precluding access to firearms for those convicted of serious crimes because of their greater potential to abuse the right to possess firearms. *Id.* at 625–27. While not bound by this analysis, we agree with it and conclude it is dispositive of appellant's challenge to section 46.04. Accordingly, the trial court did not abuse its discretion in rejecting appellant's due process and due course of law challenges

We overrule appellant's fourth and fifth points of error.

**3. Ex Post Facto Law—Texas and United States Constitutions**

■■■ In his sixth and seventh points of error, appellant contends the indictment should have been quashed because section 46.04 of the Penal Code, as applied to him, is an ex post facto law that violates Article I, Section 10 of the United States Constitution and article I, section 16 of the Texas Constitution. Under either constitution, an ex post facto law: (1) punishes, as a crime, an act committed previously that was innocent when done; (2) changes the punishment and inflicts greater punishment than the law attached to the criminal offense when it was committed; or (3) deprives a person charged with a crime of any defense available when the act was committed. *Ex parte Davis*, 947 S.W.2d 216, 219–20 (Tex.Crim.App.1996). Article I, section 16 invalidates retroactive applications of laws that destroy or impair vested rights. *In re Shaw*, 966 S.W.2d 174, 179 (Tex.App.—El Paso 1998, no pet.); *see Deacon v. City of Euless*, 405 S.W.2d 59, 62 (Tex.1966).

■ Appellant's complaint evokes the second category of ex post facto violations. Appellant relies on the fact that, at the time he committed his prior felony for possession of marihuana, the statute prohibiting felons from possessing firearms applied only to those previously convicted of *violent* felonies. Because appellant's prior conviction for possession of marihuana is for a nonviolent felony, appellant maintains a greater punishment has been inflicted on him than authorized by the law attached to the criminal offense when he committed the prior offense.

In a closely related situation in a case involving possession of firearm by a felon, the Court of Criminal Appeals found no ex post facto violation. *See Salazar v. State,* 423 S.W.2d 297, 298–99 (Tex.Crim.App. 1968). The prior conviction in *Salazar* was for robbery. *Id.* at 298. After Salazar was convicted of robbery, the statute proscribing felons possessing firearms was changed to include not only prior convictions involving violence, but burglary and robbery as well. *Id.* In rejecting the ex post facto challenge, the Court of Criminal Appeals emphasized that Salazar was being punished for actions he committed after the enactment of the amendment that brought his prior robbery conviction within the "felon in possession" statute. *See id.* at 298–99.

In addressing a similar ex post facto claim under sex-offender registration law, the United States Court of Appeals for the Ninth Circuit Court of Appeals reasoned:

> The fact that a prior conviction for sexual misconduct is an element of the "failure to register" offense is of no consequence. It is hornbook law that no ex post facto problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense, as long as the *other rele-*

*vant conduct* took place after the law was passed.

*Russell v. Gregoire,* 124 F.3d 1079, 1088–89 (9th Cir.1997) (emphasis added); *see* WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., CRIMINAL LAW § 2.4(b) (2d ed.1986).

We conclude section 46.04 is not an ex post facto law under either the Texas or the United States Constitution because the criminal conduct the statutes proscribes, possession of the firearm, occurred after the amendment of the statute, which changed only the circumstances under which a person is considered a felon. Therefore, the trial court did not abuse its discretion in rejecting appellant's ex post facto challenge.

We overrule appellant's sixth and seventh points of error.

### 4. Retroactive Law—Texas Constitution

■ In his eighth point of error, appellant contends the indictment should have been quashed because section 46.04 of the Penal Code, as applied to him, is a retroactive law that violates article I, section 16 of the Texas Constitution. To proceed with this contention, appellant must establish standing. The protections that article I, section 16 afford to individuals apply only to vested, substantive rights. *Ibarra v. State,* 11 S.W.3d 189, 192 (Tex.Crim.App. 1999). As *Ibarra* illustrates, for a right to be vested or substantive, it must have a constitutional basis. *Id.* Here, the constitutional basis is article I, section 23's right to keep and bear arms. For the same reasons stated for not proceeding with appellant's third point of error, appellant has not brought forward a record establishing he has standing as a state citizen to complain under article I, section 23 of the Texas Constitution.

■ Even if appellant had standing, however, his argument that section 46.04 is

a retroactive law in violation of article I, section 16 of the Texas Constitution is without merit. A statute is not retroactive merely because it bases its operation on antecedent facts. *Gen. Dynamics Corp. v. Sharp,* 919 S.W.2d 861, 866 (Tex.App.— Austin 1996, writ denied). It is retroactive only "if it operates before its effective date." *Id.* For the same reasons that section 46.04 is not an ex post facto law, it is not a retroactive law.

Accordingly, we overrule appellant's eighth point of error.

### Conclusion

We affirm the judgment of the trial court.

Justice WILSON concurring with the judgment and joining in the opinion except for the portion of Sections B(1) (Right to Bear Arms—Texas Constitution) and B(4) (Retroactive Law—Texas Constitution) holding that proof of citizenship is a prerequisite to invoke article I, section 23 of the Texas Constitution.