Opinion issued December 19, 2002









  







In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-01135-CR
____________
 
MARLA JEANA MATNEY, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 33,817
 

 
 
O P I N I O N
          After a bench trial, the trial court found appellant, Marla Jeana Matney, guilty
of five counts of aggravated perjury and assessed punishment at six years
confinement with a $5,000 fine. The trial court suspended the sentence, placed
appellant on community supervision for 10 years, and ordered appellant to pay $4,000
in restitution. In eight issues, appellant contends the trial court erred in not
dismissing the indictment for selective prosecution and prosecutorial misconduct,
challenges the evidence as legally insufficient to support her conviction under all five
counts, and argues that, if this Court reverses any portion of her conviction, the entire
case must be remanded for a new punishment hearing. We affirm. 
Facts and Procedural Background
          The Texas Department of Protective and Regulatory Services (TDPRS) brought
a suit to terminate appellant’s parental rights regarding five children. One of the
children was the subject of a parentage dispute concerning the identity of the child’s 
biological father. An attorney ad litem was appointed for the unknown father to
defend his parental rights and locate him.
          On January 19, 2000, at a hearing on a motion for parental testing, appellant
testified under oath that Greg Matney, her husband, was the only person that could
possibly have caused her to conceive the child. During this preliminary hearing,
appellant testified that she was unable to recall answers to almost every question
asked by the attorney ad litem. The record reveals that appellant had previously told
several people that her husband was not the father of the child. On April 19, 2000,
appellant testified under oath that she was not sure of the identity of the child’s
biological father. During this second hearing, appellant admitted to having had
extramarital affairs with two different men during the time the child was conceived. 
Although appellant identified one of the men as Ralph Gaitan, she testified that she
did not know the identity of the other man. 
Sentencing ErrorBefore addressing the substance of appellant’s argument, we must discuss a
sentencing error at trial. The record reflects that, although the trial court found
appellant guilty of all five counts in the indictment, the judgment reads, in a single
sentence, that appellant is “guilty of the offense” alleged in the indictment. When an
accused is found guilty of more than one offense arising from a single criminal action,
a sentence for each offense must be pronounced. See Tex. Pen. Code Ann. § 3.03
(Vernon Supp. 2002). The Court of Criminal Appeals has held that a single sentence
pronounced for numerous convictions refers only to the first count in the indictment. 
See Robinson v. State, 553 S.W.2d 371, 372 (Tex. Crim. App. 1977); see also
Harmon v. State, 889 S.W.2d. 521, 523 (Tex. App.—Houston [14th Dist.] 1994, pet.
ref’d). Because there is no judgment in the record for counts two through five, this
Court lacks jurisdiction to address appellant’s points of error on counts two through
five. See Harmon, 889 S.W.2d at 523. Therefore, this Court will address appellant’s
issues regarding count one and dismiss, as moot, her issues concerning counts two
through five.



Selective Prosecution
          Appellant contends in her first issue that the trial court erred in failing to
dismiss the indictment because of impermissible selective prosecution.
          A defendant has the burden to prove a prima facie case of selective prosecution
in showing what the Supreme Court has termed, “the existence of purposeful
discrimination.” Green v. State, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996) (citing 
McCleskey v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767 (1987)). A defendant
must first show that she has been singled out for prosecution while others similarly
situated and committing the same acts have not been prosecuted. Covalt v. State, 877
S.W.2d 445, 446 (Tex. App.—Houston [1st Dist.] 1994, no pet.). A defendant must
also demonstrate that the government’s discriminatory selection of her for
prosecution has been invidious or in bad faith, in that it rests upon such impermissible
considerations as race, religion, or the desire to prevent her exercise of constitutional
rights. Id. A defendant must provide “exceptionally clear evidence” that the decision
to prosecute was for an improper reason. Green, 934 S.W.2d at 103.
          Here, appellant argues that a witness at the hearing for the termination of her
parental rights testified falsely as to the value of appellant’s inheritance estate. 
Appellant has wholly failed to produce any specific evidence showing she was
singled out for prosecution while others similarly situated and committing the same
acts—falsely testifying to the identity of a child’s biological father during a parental
rights termination proceeding—were not prosecuted. Moreover, appellant has not
presented any evidence showing any discriminatory intent on the part of the State in
its prosecution of her.  
          We overrule appellant’s first issue.
Prosecutorial Misconduct
          Appellant contends in her second issue that the trial court erred in denying her
motion to dismiss the indictment based on prosecutorial misconduct. Appellant
alleged that the State failed to present exculpatory evidence to the grand jury.
          We review a trial court’s ruling on a motion to quash an indictment for an
abuse of discretion. Jordan v. State, 56 S.W.3d 326, 329 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d.). We note that, generally, the State has no duty to present
exculpatory evidence to a grand jury. See United States v. Williams, 504 U.S. 36, 51,
112 S. Ct. 1735, 1744 (1992). If an indictment is valid on its face, an appellate court
may not go behind the indictment to determine whether the indictment was properly
returned or to review alleged procedural errors in its presentment. DeBlanc v. State,
799 S.W.2d 701, 706 (Tex. Crim. App. 1990).
          Appellant argues that the trial court erred in denying her motion to dismiss the
indictment because the State failed to provide evidence to the grand jury that the
results of a DNA paternity test showed that Gaitan was not the biological father of the
child. Nevertheless, this evidence does not make true appellant’s statement that her
husband was the only possible biological father of the child. Appellant’s indictment
was valid on its face, and we hold that the trial court did not abuse its discretion in
denying appellant’s motion to dismiss the indictment.
          We overrule appellant’s second issue.
Legal Sufficiency 
          In her seventh issue, appellant argues that the evidence was legally insufficient
to support her conviction for aggravated perjury because her testimony was given at
a time when she did not know whether Gaitan was the biological father of the child.
          We review the legal sufficiency of the evidence by viewing it in the light most
favorable to the verdict to determine if any rational fact finder could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). Although our analysis considers all evidence
presented at trial, we may not re-weigh the evidence and substitute our judgment for
that of the fact finder. Id.
          A person commits perjury when she, with intent to deceive and with knowledge
of the statement’s meaning, makes a false statement under oath and the statement is
required or authorized to be made under oath. Tex. Pen. Code Ann. § 37.02 (Vernon
1994). Aggravated perjury is committed when a material, false statement is made
during or in connection with an official proceeding. Tex. Pen. Code Ann. § 37.03
(Vernon 1994). Here, count one of the indictment alleged that appellant made two
statements under oath, both of which could not be true. See Tex. Pen. Code Ann.
§ 37.06 (Vernon 1994). 
          On January 19, 2000, appellant testified that the only person who could have
fathered the child was Greg Matney, her husband. Subsequently, on April 19, 2000,
appellant testified that she had extramarital affairs with two other men during the time
of the child’s conception, and she was not sure who was the biological father. 
Appellant’s argument that her “allegedly inconsistent statements were made at a time
when appellant did not know whether Ralph Gaitan was or was not the biological
father” of the child does not logically preclude her conviction for aggravated perjury. 
Appellant unequivocally testified that her husband was the only person who could
have fathered the child when, as she later testified, she was actually having sexual
intercourse with two other men during the time the child was conceived. The record
supports a finding that appellant made a material false statement, under oath and
during an official proceeding, with the intent to deceive and with knowledge of its
meaning. Thus, we hold the evidence was legally sufficient to sustain appellant’s
conviction for aggravated perjury under count one of the indictment.
          We overrule appellant’s seventh issue.
          Because we have overruled all of appellant’s issues in regard to count one of
the indictment, we need not address appellant’s eighth issue.
 Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.