Affirmed and Opinion filed March 27, 2007








Affirmed and Opinion filed March 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01168-CR

_______________

 

ERRON DEON WALKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1022481

                                                                                                                                               


 

O P I N I
O N








Appellant, Erron Deon Walker, a previously convicted felon,
was charged with the felony offense of possessing body armor.  In one
enhancement paragraph, the State alleged appellant had been previously
convicted of conspiracy to commit bank fraud.  Appellant filed a motion to
dismiss challenging the constitutionality of Texas Penal Code section 46.041.
The trial court denied the motion.  Appellant entered a plea of no contest to
the offense and a plea of true to the allegations in the enhancement paragraph.
 The trial court found appellant guilty of the charged offense and entered a
finding of true relative to the allegations in the enhancement paragraph.  The
trial court sentenced him to two years= confinement.  In
six issues, appellant contends Texas Penal Code section 46.041 (1) violates his
right to equal protection under Texas Constitution article 1, section 3 and the
Fourteenth Amendment to the U.S. Constitution because it Aimpinges upon
appellant=s fundamental right to defend himself without
precisely tailoring the statute to serve a compelling governmental interest,@ (2) violates his
right to equal protection of law under Texas Constitution article 1, section 3
and Fourteenth Amendment to the U.S. Constitution because it Aimpinges on
appellant=s right to defend himself without a foundation of
important governmental objectives that are substantially related to the
achievement of those objectives or that are rationally related to its
enactment,@ (3) is unconstitutionally vague, and (4) is unconstitutionally
overbroad.  We affirm.  

I.  Background 

Appellant owns a small restaurant and has a catering
contract with a charter school.  On November 17, 2004, appellant was stopped by
a police officer for a traffic violation.  During the stop, the officer
observed body armor in the back seat of appellant=s car.  After the
officer determined appellant had two previous felony convictions for fraudulent
use of identification information and conspiracy to commit bank and identification
fraud, he was arrested for felony possession of body armor under Texas Penal
Code 46.041.[1] Following the
arrest, appellant contended that his restaurant was located in a dangerous part
of Houston, and he needed body armor to deliver cash proceeds to the bank.     


 








II.  Texas Penal Code Section 46.041

Texas Penal Code section 46.041(b) provides: AA person who has
been convicted of a felony commits an offense if after the conviction the
person possesses metal or body armor.@  Tex. Penal Code Ann. ' 46.041(b) (Vernon
2003).  AMetal or body
armor@ are defined as Aany body covering
manifestly designed, made, or adapted for the purpose of protecting a person
against gunfire.@ Tex.
Penal Code Ann. ' 46.041(a) (Vernon 2003).

III.  Equal Protection 

We address appellant=s first four
issues challenging the constitutionality of Texas Penal Code section
46.041based on equal protection together.  In his first and second issues,
appellant contends Texas Penal Code section 46.041 violates his right to equal
protection of law under Texas Constitution article 1, section 3 and the
Fourteenth Amendment to the U.S. Constitution because it Aimpinges upon
appellant=s fundamental right to defend himself without
precisely tailoring the statute to serve a compelling governmental interest.@  Specifically,
appellant=s equal protection argument appears to be based on his
contention that the statute proscribes all felons from possessing body armor
without distinguishing between violent and nonviolent felons. 

In addressing constitutional challenges, we begin by
presuming the statute is valid and construe the statute in favor of its
constitutionality.  Smith v. State, 149 S.W.3d 667, 670 (Tex. App.CAustin 2004, pet.
ref=d) (citing Smith
v. State, 898 S.W.2d 838, 847 (Tex. Crim. App. 1995)); Jordan v. State,
56 S.W.3d 326, 329B30 (Tex. App.CHouston [1st
Dist.] 2001, pet. ref=d) (citing Garay v. State, 940
S.W.2d 211, 215 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d)).  The
challenger has the burden of establishing unconstitutionality.  Jordan,
56 S.W.3d at 330 (citing Garay, 940 S.W.2d at 215); Wilson v. State,
44 S.W.3d 602, 604 (Tex. App.CFort Worth 2001, pet. ref=d) (citing Ex
parte Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978)).  








The principle of equal protection guarantees that Aall persons
similarly situated should be treated alike.@  City of
Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Sanders v.
Palunsky, 36 S.W.3d
222, 224B25 (Tex. App.CHouston [14th Dist.] 2001, no pet). 
The same standards for equal protection challenges under the United States
Constitution are applied to the Texas Constitution.  Reid v. Rolling Fork Pub.
Util. Dist., 979 F.2d 1084, 1089 (5th Cir. 1992); Rose v. Doctors Hosp.,
801 S.W.2d 841 846 (Tex. 1990).  A statutory classification is evaluated under
strict scrutiny if it interferes with a fundamental right or discriminates
against a suspect class.  Cannady v. State, 11 S.W.3d 205, 215 (Tex.
Crim. App. 2000) (citing Kadrmas v. Dickinson Public Schools, 487 U.S.
450, 458 (1988);  Henderson v. State, 962 S.W.2d 544, 560 (Tex. Crim.
App. 1997)).  If a statutory classification does not interfere with a
fundamental right or discriminate against a suspect class, it need only be
rationally related to a legitimate governmental purpose to survive an equal
protection challenge.  Id. (citing Henderson, 962 S.W.2d at 560). 
This is the Arational basis test.@  Id.  Those
attacking the rationality of a legislative classification have the burden to
negate every conceivable basis that might support it.  Tarlton v. State,
93 S.W.3d 168, 176 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (citing Anderer
v. State, 47 S.W.3d 60, 66 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d)).  We apply a highly deferential
standard of review to equal protection claims of this nature. Id.  This
standard is extremely respectful of legislative determinations and essentially
means a court will not invalidate a statute unless the statute draws
distinctions that simply make no sense.  Id.  Further, we will uphold a
statute as long as it implements any rational purpose, even if the legislature
never considered the purpose when enacting the statute.  Anderer, 47
S.W.3d at 67 n.4 (citing F.C.C. v. Beach Comm., Inc., 508 U.S. 307, 315
(1993)).  For constitutional purposes, it is irrelevant whether the conceived
reason for the challenged distinction actually motivated the legislature.  Id. 
(citing Flemming v. Nestor, 363 U.S. 603, 612 (1960)).  

 








A.      Strict
Scrutiny

In his first two issues, appellant tries to take advantage
of the more favorable strict scrutiny test by arguing Texas Penal Code section
46.061  violates his Afundamental right to defend one=s self.@  However,
appellant cites no cases finding a Afundamental right
to defend one=s self.@[2]  Appellant cites
only to the Second Amendment to the U.S. Constitution and Texas Constitution
Article 1, section 23. See
U.S. Amend. II; Tex. Const. Art.
I, ' 23 (providing
right to Akeep and bear arms@).  However,
appellant cites  no authority indicating body armor is covered by these
provisions.  Accordingly, we do not believe that this case implicates the
Second Amendment or Texas Constitution article 1, section 23, and we do not
need to comment on those provisions.[3] 


 Moreover, felons are not a suspect class; therefore, they
do not warrant strict scrutiny review. United States v. Wicks, 132 F.3d
383, 389 (7th Cir. 1997); Baker v. Cuomo, 58 F.3d 814, 820S22 (2d Cir. 1995),
vacated on other grounds by Baker v. Pataki, 85 F.3d 919 (2d Cir. 1996)
(en banc); Hilliard v.  Ferguson, 30 F.3d 649, 652 (5th Cir. 1994).
Therefore, we will not apply strict scrutiny to appellant=s challenge to
Texas Penal Code section 46.041.  We will apply the rational basis test.[4] 
Accordingly, appellant=s first and second issues are overruled.  

 








B.      Rational
Basis Test 

In his third and fourth issues, appellant contends Texas
Penal Code section 46.041 violates his right to equal protection guaranteed by
Texas Constitution article 1, section 3 and the  Fourteenth Amendment to the
U.S. Constitution because it Aimpinges on appellant=s right to defend
himself without a foundation of important governmental objectives that are
substantially related to the achievement of those objectives or that are
substantially related to the achievement of those objectives or that are
rationally related to its enactment.@   Appellant only
cites cases generally defining and applying the rational basis test.  

The statute at issue solely restricts the activities of felons. 
The U.S. Supreme Court has upheld numerous statutes restricting the activities
of felons.  See Lewis v. United States, 445 U.S. 55, 66 (1980) (holding
Congress could rationally conclude that any felony conviction, even an
allegedly invalid one, was a sufficient basis on which to restrict felon=s possession of a
firearm); Richard v. Ramirez, 418 U.S. 24, 56 (1974) (holding
disenfranchisement of felons who have completed their sentences and paroles
does not violate equal protection); De Veau v. Braistead, 363 U.S. 144,
157B59 (1960) (holding
proscription against felons  holding office in a waterfront labor organization
does not violate the Due Process Clause); Hawker v. New York, 170 U.S.
189, 200 (1898) (holding states may prohibit felons from practice of
medicine).   








 We consider a sister court=s application of
the rational basis test when considering the constitutionality of Texas Penal
Code section 46.04, prohibiting all felons from possessing a firearm for five
years after their release from confinement or community supervision, parole, or
mandatory supervision, whichever date is later.  Jordan v. State 56
S.W.3d 326, 330B31 (Tex. App.CHouston [1st
Dist.] 2001, pet. ref=d).  In finding Texas Penal Code section
46.06 constitutional, the First Court of Appeals applied the reasoning of  Giles
v. State, in which the Fifth Circuit  considered an equal protection
challenge to the federal statute prohibiting all felons from possessing
firearms.  Id. (discussing Giles v. State, 640 F.2d 621, 624S25 (5th Cir.
1981)).  In Giles, the defendant argued the irrationality of Congress to
presume that persons who have been convicted of a serious nonviolent crimes 
are more likely than ordinary citizens to engage in violent crimes involving
firearms in the future.  640 F.2d at 625.  Under the rational basis test, the
defendant had to demonstrate there was no rational relationship between
prohibiting possession of firearms by persons convicted of nonviolent felonies
and reduction of lawlessness and violent crime.  Id. at 625B26.  In rejecting
the challenge, the Fifth Circuit joined several other federal circuit courts in
concluding that the federal statute was rationally related to the goal of
precluding access to firearms for felons because of their greater potential to
abuse the right to possess firearms.  Jordan, 56 S.W.3d at 331; Giles, 640 F.2d at 625B27.  We conclude that the same rational
basis analysis in Jordan and Giles applies in this case: the
statute is rationally related to a legitimate government interest of precluding
felons from possessing body armor because of their greater potential to abuse
the right to possess body armor.  

House Bill 84, now Texas Penal Code section 46.041,  was
introduced in 2001 in response to deadly shoot-outs between assailants and
police officers that occurred in California during 1997. Texas Legislature
Online, HB 84 Analysis, http://www.capitol.state.tx.us/home.aspx (follow Search
Legislation,  Legislature  77(R)-2001, HB 84, Bill Analysis).  The assailants
wore one layer and in some cases two layers of body armor. Id.  One of
the shoot-outs resulted in the death of a police officer. Id.   Further, we note the House Criminal
Jurisprudence Committee discussed whether to distinguish between violent and
nonviolent felons. Id. (Criminal Jurisprudence Committee Meeting May 8,
2001).  However, there was no such  distinction in the final bill.  Under the
rational basis review, we respect the Legislature=s determinations.  See Tarlton,
93 S.W.3d at 176.  The statute does not Adraw distinctions that simply make no
sense.@  Id.  The statute implements
the rational purpose of preventing those who have previously committed serious
crimes from possessing body armor. 








Moreover,
appellant has failed to demonstrate that there is no rational relationship
between the prohibition for nonviolent felons and a legitimate government
purpose.  When addressing issues three and four, appellant only cites to
general case law explaining the rational basis test.  Therefore, he does not
fulfill his burden to negate every conceivable basis that might support the
classification. Id.  Accordingly, we overrule appellant=s third and fourth
issues.  

IV.  Constitutional Vagueness Challenge

Appellant contends in his fifth issue that Texas Penal Code
section 46.01 is unconstitutionally vague.  However, appellant only cites
general case law and fails to argue how Texas Penal Code section 46.01 is
unconstitutionally vague.  We find this issue has not been properly presented. 
See Tex. R. App. P. 38.1(h). 
Accordingly, we overrule appellant=s fifth issue.  

V.  Constitutional Overbreadth Challenge

Appellant contends in his sixth issue that Texas Penal Code
section 46.01 is unconstitutionally overbroad.  Specifically, appellant
contends  it could be read to encompass AWorld War II army
helmet[s], steel toed work/army boots, bird hunting jackets/vests, shooting
glasses, etc.@  Appellant also contends Texas Penal Code section
46.01 is unconstitutionally overbroad because it prohibits possession of body
armor by all felons in all circumstances.  








We find appellant has failed to articulate a proper
constitutional overbreadth challenge.  A statute is considered impermissibly
overbroad only if, in addition to constitutionally proscribed activities, it
sweeps within its coverage speech or conduct protected by the First Amendment. 
State v. Stone, 137 S.W.3d 167, 179 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (citing Bynum v. State, 767
S.W.2d 769, 772 (Tex. Crim. App. 1989)); Knight v. State, 91 S.W.3d 418,
425 (Tex. App.CWaco 2002, no pet.).  Appellant has not challenged
section 46.01 on this basis.  We overrule appellant=s sixth issue.    

Accordingly, the judgment of the trial court is affirmed.

 

 

 

/s/      Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed March
27, 2007.

Panel consists of Chief Justice Hedges and
Justices Yates and Seymore.

Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 









[1]   Although there is no reporter=s record from the trial court, the
State acknowledges the parties appear to have agreed as to the manner in which
appellant was found with the body armor and cites
to portions of the court record in which each party described the manner in
which the body armor was found.  Because we resolve the issues on other grounds, we need not reach the State=s
argument that because there is no reporter=s
record from the trial court identifying appellant=s conduct, this court cannot identify appellant=s conduct. 





[2]   Appellant contended during oral
argument a Afundamental right to defend one=s self@ is found in natural law.  However,
an appellant may not raise new points during oral argument; therefore we will
not address this contention because it was not included in appellant=s brief. See  Tex. R. App. P. 39.2;  Moore v.
State, 165 S.W.3d 118, 122 n.1 (Tex. App.CFort Worth 2005, no pet.). 

 





[3]   Because we find Texas Constitution article 1, section 23 does not
apply here, we need not address the State=s argument that appellant does not have standing to invoke
that provision.

  





[4]  In issues one and two, appellant further contends
Texas Penal Code section 46.041 is not sufficiently tailored to serve a
compelling governmental interest because the Legislature could have accomplished
its goal of preventing the use of body armor in commission of crimes without
restricting all felons.  In support, appellant argues there are body armor
statutes from other jurisdictions that prohibit only violent felons from
possessing body armor.  We do not reach this argument because we are not applying
strict scrutiny, and appellant made this argument only in the context of his
strict scrutiny argument in his brief.