

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00155-CR

Donald Ray **McINTOSH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR0128
Honorable Ron Rangel, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:         Irene Rios, Justice
                 H. Todd McCray, Justice
                 Velia J. Meza, Justice

Delivered and Filed: September 10, 2025

AFFIRMED

Appellant Donald Ray McIntosh appeals his conviction of unlawfully carrying a weapon. In his sole issue, McIntosh argues he received ineffective assistance of counsel. We affirm.

#### BACKGROUND

Police officers from VIA Metropolitan Transit Authority approached McIntosh because it appeared he had an open alcoholic container and was consuming alcohol in a prohibited place—a VIA bus stop. The officers detained McIntosh and discovered he had a warrant for his arrest. The

officers placed McIntosh under arrest and when the officers searched him and his belongings incident to his arrest, they discovered he possessed a handgun. The officers then discovered that McIntosh was a convicted felon.

McIntosh was later indicted on one count of unlawfully carrying a weapon and one count of unlawfully carry a firearm alleging he was a felon in possession of a handgun in a location that is not his home. The case proceeded to trial on February 29, 2024.

VIA Metropolitan Transit Authority Police Officer Brandon Tamayo testified he was one of the responding officers that arrested McIntosh. He testified regarding the arrest and stated that McIntosh admitted the firearm was his while he was being transported to the Bexar County jail. After Tamayo's testimony concluded, McIntosh entered into a plea bargain agreement with the State and the jury trial was suspended. As the trial court was admonishing McIntosh of the rights he was giving up pursuant to his plea bargain agreement, McIntosh's counsel orally moved to quash the indictment arguing the statutes McIntosh was charged under were unconstitutional. The trial court denied the motion and sentenced McIntosh in accordance with the plea bargain agreement.[1] McIntosh appeals.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, McIntosh contends counsel's performance fell below an objective standard of reasonableness when he failed to file a written motion challenging the constitutionality of the felon in possession of a weapon statutes and have a hearing on the motion. McIntosh further contends that he may not have entered the plea bargain agreement if counsel had done so. Thus, he argues he received ineffective assistance of counsel.

---

[1] The record reflects McIntosh's counsel asked the trial court to grant McIntosh permission to appeal notwithstanding the plea bargain agreement. The trial court agreed and signed a certification giving McIntosh the right to appeal.

"To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice." *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). A defendant must show that: (1) his trial counsel's representation fell below the objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986) (applying *Strickland* to an ineffective assistance claim under the Texas Constitution).

"A [reviewing court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669. "For an appellant to defeat this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) (internal quotation marks and alterations omitted). "Trial counsel should generally be given an opportunity to explain his actions before being found ineffective." *Id.* "In the face of an undeveloped record, counsel should be found ineffective only if his conduct was so outrageous that no competent attorney would have engaged in it." *Id.* (internal quotation marks omitted). "A silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance." *Id.* "Thus, if the record does not contain affirmative evidence of trial counsel's reasoning or strategy, we presume counsel's performance was not deficient." *Id.*

A defendant bears the burden of proving both elements by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. A court need not address both elements of an ineffective assistance of counsel claim when the

defendant makes an insufficient showing as to either element. *Strickland*, 466 U.S. at 697. When evaluating an ineffectiveness claim, courts consider the totality of the evidence. *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010).

On appeal, McIntosh argues counsel's performance fell below a reasonably objective standard because counsel should have challenged the constitutionality of the statutes McIntosh was charged under in a separate hearing rather than during the admonitions for the plea bargain agreement. McIntosh contends he may not have taken the plea deal if counsel would have filed a motion and had a hearing challenging the constitutionality of the statutes. However, the record is silent as to counsel's strategy.

Rather, the record shows that counsel, "based off of [counsel's] analysis of [McIntosh's] case," was encouraging McIntosh to take a plea deal before the trial even started. As the State points out, and as explained more fully below, McIntosh received a favorable plea bargain given the circumstances. Counsel may not have wanted to jeopardize a potentially favorable plea bargain by having a hearing on a motion that had very little chance of success. Instead, counsel may have asserted the constitutional challenge during the plea bargain hearing to sway the trial court to give McIntosh a more lenient sentence. Thus, we cannot conclude counsel's conduct was so outrageous that no competent attorney would have engaged in it. *See Johnson*, 624 S.W.3d at 586. And, because the record is silent on counsel's litigation strategy, we must presume counsel's performance was not deficient. *See Id.*

Moreover, McIntosh does not contend that his constitutional challenge to the unlawfully carrying a weapon statute would have been successful. We have found no authority supporting his position that it is unconstitutional to restrict a person who has been convicted of a felony from carrying a handgun. To the contrary, the Court of Criminal Appeals has held the State may regulate

the possession of firearms to prevent crime under both the state and federal constitutions. *See Masters v. State*, 685 S.W.2d 654, 655 (Tex. Crim. App. 1985). Further, other courts have determined that restricting a felon's possession of a weapon is rationally related to the State's goal of preventing crime. *See Jordan v. State*, 56 S.W.3d 326, 331 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd); *Wilson v. State*, 44 S.W.3d 602, 604–05 (Tex. App.—Fort Worth 2001, pet. ref'd).

Even if we were to hold counsel's performance was deficient, it would not matter because we conclude McIntosh was not prejudiced by counsel's allegedly deficient performance. McIntosh was indicted for one count of unlawfully carrying a weapon under section 46.02(a-7) of the Texas Penal Code and one count of unlawfully carrying a firearm under section 46.04(a) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 46.02(a-8) (stating if conduct constituting an offense under (a-7) of the unlawfully carrying a weapon statute also constitutes an offense under another provision of law, the actor may be prosecuted under both provisions); *see also id.* § 46.04(a) (providing it is unlawful for a person convicted of a felony to possess a firearm at any location under than the premises at which the person lives). The unlawfully carrying a weapon offense is a second-degree felony with a punishment range of five to twenty years' confinement and a fine up to $10,000. *See id.* § 46.02(e)(1); *id.* § 12.33. The unlawfully carrying a firearm offense is a third-degree felony with a punishment range of two to ten years' confinement and a fine of up to $10,000. *See id.* § 46.04(e); *id.* § 12.34.

During the trial, but before McIntosh entered into the plea bargain agreement, the State presented undisputed evidence of McIntosh's prior felony conviction. The trial court also admitted video footage from the responding officer's body camera showing an officer recovering a handgun from a bag that was in McIntosh's possession. According to Tamayo's testimony, McIntosh

admitted the handgun belonged to him. Under these circumstances, it is more likely than not that the best possible outcome McIntosh could hope for, had he not entered into the plea bargain agreement, was a five-year sentence and a fine of up to $10,000 on just one of the counts for which he was being tried. The plea bargain agreement dropped the second count for unlawfully carrying a firearm, capped punishment for the unlawfully carrying a weapon conviction to five-years' confinement, a $1,000 fine, and recommended community supervision in lieu of imprisonment. The trial court followed the plea bargain agreement and assessed punishment at five-years' confinement and a $1,000 fine, suspended the sentence, and placed McIntosh on community supervision for four years. Under these circumstances, we conclude there was no prejudice because even if we were to assume counsel's performance was deficient, there is not a reasonable probability that the proceedings would have been different. *See Strickland*, 466 U.S. at 694.

Accordingly, McIntosh's sole issue is overruled.

## CONCLUSION

We affirm the judgment of conviction.

Irene Rios, Justice