Darryl WILSON a/k/a Darrell
Wilson, Appellant,

v.

The STATE of Texas, State.

No. 2–99–463–CR.

Court of Appeals of Texas,
Fort Worth.

March 1, 2001.

Layne H. Harwell, Fort Worth, Attorney for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Asst. Criminal D.A. and Chief of the Appellate Section, Danielle A. LeGault, Kimberly Minick, and Susannah W. Touzel, Asst. D.A.s, Fort Worth, Attorneys for Appellee.

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

CAYCE, Chief Justice.

Darryl Wilson a/k/a Darrell Wilson was convicted by a jury of the offense of possession of a firearm by a felon. TEX. PENAL CODE ANN. § 46.04 (Vernon 1994). Five points are presented on appeal: (1)-(2) section 46.04 is unconstitutional because it improperly infringes on a felon's right to bear arms; (3) the trial court erred in failing to quash the indictment; (4) the evidence is insufficient to support Wilson's conviction; and (5) the trial court erred in failing to grant defense counsel's motion for a mistrial after the State violated a motion in limine. We will affirm.

In June 1995, Wilson was sentenced to two years' confinement for aggravated assault with a deadly weapon. He was released in August 1996. On June 11, 1997, officers from the Fort Worth Police Department executed a search warrant of Wilson's residence as part of a narcotics

investigation. A .38 caliber revolver was found on Wilson's person. After performing a criminal history check, the police arrested Wilson for the offense of felon in possession of a firearm.

In points one and two, Wilson contends the Texas Penal Code violates rights guaranteed under our state constitution because it criminalizes the possession of firearms by felons.[1] The statute provides:

### § 46.04. Unlawful Possession of Firearm by Felon

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

(b) An offense under this section is a felony of the third degree.

*Id.*

The Texas Constitution provides, in pertinent part: "Every citizen shall have the right to keep and bear arms in the lawful defense of himself or the State; but the Legislature shall have power, by law, to regulate the wearing of arms, with a view to prevent crime." TEX. CONST. art. I, § 23. As expressed in this provision, the right to bear arms is not absolute because the legislature may only regulate the pos-

session of arms "with a view to prevent crime." *Masters v. State*, 685 S.W.2d 654, 655 (Tex.Crim.App.), *cert. denied*, 474 U.S. 853, 106 S.Ct. 155, 88 L.Ed.2d 128 (1985).

Wilson argues that "[w]ithout reviewing the legislative history, it is apparent that the law is not intended to prevent crime." His specific complaint is that the legislature exceeded its power to "regulate the wearing of firearms" when it restricted felons from carrying firearms in their homes for a five-year period. Wilson also suggests that the five-year restriction is "clearly arbitrary and serves no purpose in preventing crime." In response, the State urges that section 46.04 be held to constitute a reasonable limitation on a felon's right to bear arms as a deterrent to crime. This is an issue of first impression.

To determine the constitutionality of a statute, the court should presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978). The person challenging the statute has the burden of establishing its unconstitutionality. *Id.*

Prior to the current version of the statute, convicted felons were permitted to keep firearms in their homes, regardless of how much time had passed since their release from confinement or supervision. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 885, 964, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws· 3586, 3688 (current version at TEX. PENAL CODE ANN. § 46.04). The former version provided:

---

1. In point one, Wilson directly challenges the statute on state constitutional grounds. In point two, he contends the trial court erred in failing to grant his motion to quash the indictment, which challenged section 46.04 of the penal code on this same ground. Both points involve claims that the statute is facially invalid. Wilson does not claim the statute is unconstitutional in its application, nor does he allege a federal constitutional violation.

A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

*Id.*

The court of criminal appeals upheld earlier versions of the statute. *.See Lucas v. State,* 791 S.W.2d 35, 64 (Tex.Crim.App. 1989) (upholding statute because it protected general public from violent offenders); *McGuire v. State,* 537 S.W.2d 26, 28 (Tex.Crim.App.1976) (upholding statute when legislature broadened restrictions by substituting "pistol, revolver or any other firearm capable of being concealed upon the person" with "firearm"); *Webb v. State,* 439 S.W.2d 342, 343 (Tex.Crim.App.) (holding that restriction against felons possessing "any pistol, revolver or firearm capable of being concealed" away from their homes did not infringe right of self-defense because felon could arm himself with any weapon not listed), *cert. denied,* 396 U.S. 968, 90 S.Ct. 450, 24 L.Ed.2d 434 (1969).

The court in *Lucas* reasoned that the State had a rational basis for restricting the possession of firearms "[b]ecause [violent offenders] have demonstrated a propensity toward violence." *Lucas,* 791 S.W.2d at 64. The statute was intended to keep violent offenders from arming themselves and moving about the community. *Id.; Boyd v. State,* 899 S.W.2d 371, 373 (Tex.App.—Houston [14th Dist.] 1995, no pet.).

Like the version of the statute examined in *Lucas,* the legislature had a rational basis to restrict the possession of firearms inside the home "with a view to prevent crime" under the current version. Tex. Const. art. I, § 23. Wilson's contention that this restriction "serves no purpose in preventing crime" overlooks the fact that convicted felons are not necessarily outside their homes when they commit crimes. Felons are just as capable of committing crimes with firearms in or around their residences. Furthermore, the legislature could have rationally restricted convicted felons from possessing firearms anywhere for a five-year period to reduce the rate of recidivism. Wilson, therefore, has failed to demonstrate that section 46.04 unreasonably contravenes the right to bear arms guaranteed by the Texas Constitution. We overrule points one and two.

■ In point three, Wilson complains that the trial court erred in refusing to quash the indictment because the prior felony conviction alleged as an element of the charged offense was merely a misdemeanor assault due to the lack of an affirmative finding that Wilson used a deadly weapon. In point four, Wilson contends that because the prior conviction was only a misdemeanor, the evidence is insufficient to support the instant conviction. Wilson is, in effect, collaterally attacking his prior felony adjudication for the offense of aggravated assault.

■ A prior conviction that was alleged in a later offense may be collaterally attacked if it is void or if it is tainted by a constitutional defect. *Galloway v. State,* 578 S.W.2d 142, 143 (Tex.Crim.App. [Panel Op.] 1979). Other infirmities in a prior conviction, such as insufficiency of the evidence or irregularities in the judgment or sentence, may not be raised by a collateral attack. *Id.* Instead, the proper vehicle to attack a prior conviction for insufficient evidence or other irregularities is through an application for writ of habeas corpus. Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.2001). An applicant may attack the validity of a former final felony conviction under article 11.07 even if he is not currently confined as a result of that con-

viction, so long as he is in fact "confined" on some other offense and the former conviction has collateral adverse consequences. *See Ex parte Renier,* 734 S.W.2d 349, 353 (Tex.Crim.App.1987) (op. on reh'g); *see also State ex rel. Holmes v. Honorable Court of Appeals for Third Dist.,* 885 S.W.2d 389, 414 n. 21 (Tex.Crim. App.1994) (orig.proceeding) (Clinton, J., dissenting).

In this case, Wilson is collaterally attacking his prior conviction for irregularities in the judgment because the judgment failed to include an affirmative finding that Wilson used a deadly weapon when he committed the offense of aggravated assault. Wilson, therefore, may only attack his prior felony conviction through an application for writ of habeas corpus. We overrule points three and four.

 In point five, Wilson asserts that the trial court erred in denying his motion for a mistrial because the prosecutor violated a motion in limine when she questioned a witness concerning some extraneous offenses. In order to preserve error for appellate review, a timely and specific objection must be made and a ruling obtained. Tex.R.App. P. 33.1(a)(1)(A). The granting of a motion in limine will not preserve error. *Wilkerson v. State,* 881 S.W.2d 321, 326 (Tex.Crim. App.), *cert. denied,* 513 U.S. 1060, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994). Therefore, it is necessary that an objection be made when the subject is raised during trial. *Id.* (citing *Gonzales v. State,* 685 S.W.2d 47, 50 (Tex.Crim.App.), *cert. denied,* 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985)). In order to be considered timely, the objection must be made at the first opportunity or as soon as the basis of the objection becomes apparent.

*Dinkins v. State,* 894 S.W.2d 330, 355 (Tex. Crim.App.), *cert. denied,* 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). Unless the defendant can show a legitimate reason to justify the delay, error is waived if an objection is made after the prosecutor has elicited the improper testimony. *Lagrone v. State,* 942 S.W.2d 602, 618 (Tex. Crim.App.), *cert. denied,* 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997); *Hughbank v. State,* 967 S.W.2d 940, 944 (Tex. App.—Fort Worth 1998, no pet.).

 In this case, the trial court granted Wilson's motion in limine. Nonetheless, the State elicited testimony from the investigating officer that he had observed Wilson engaging in a narcotics transaction with a confidential informant, an event that became the basis of the warrant to search Wilson's residence. The State asked the officer whether the defendant was the same person he saw engaged in the drug transaction and for whom the warrant was issued. After the officer positively identified him, Wilson objected that the identification violated the motion in limine and requested a mistrial. Wilson did not present any reason to justify his delayed objection. The trial court sustained Wilson's objection, denied his motion for mistrial, and offered to instruct the jury to disregard. Because Wilson did not object until the officer had already testified about the drug transaction and identified Wilson, and because Wilson did not offer a reason for his delayed objection, he has waived error. We also note that defense counsel specifically asked the trial court *not* to instruct the jury to disregard the evidence of extraneous offenses, thereby providing an additional waiver of his complaint.[2] *See Boughton v. State,* 631

---

2. We do not mean to suggest by this that counsel was ineffective in failing to request an instruction to disregard. Counsel explained to the trial court that he thought the improper testimony could not be cured by an instruction and that therefore, "[m]y request would

S.W.2d 818, 820 (Tex.App.—Fort Worth 1982, pet. ref'd). We overrule point five.

The trial court's judgment is affirmed.

be say nothing." Thus, it appears counsel's failure to request the instruction was, at least in part, the result of his strategic decision to avoid redirecting the jurors' attention to the extraneous conduct.