ruddell v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-466-CR

STEVEN RAY RUDDELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant, Steven Ray Ruddell, appeals his conviction for felony driving while intoxicated, raising three points.  Appellant claims that: 1) a defect in the indictment existed because a member of the Hood County Grand Jury did not sign an amendment to it; 2) the State erred in introducing evidence of unrelated bad acts of Appellant in violation of Texas Rule of Evidence 404(b) which prejudiced his substantial rights; and 3) the trial court erred in allowing an improper jury argument by the State with regard to retrograde extrapolation of the results of multiple breath tests.
  We affirm the trial court’s judgment.

FACTS

On August 28, 2000, Bobbie Jean Hidalgo (Hidalgo), her sister-in-law Margie, and their children went to the city beach in Granbury, Texas.  While at the lake, Appellant approached the group and allegedly harassed them.  Hidalgo testified that Appellant touched her sister-in-law Margie inappropriately.  Hidalgo further testified that during the incident, Appellant showed signs of intoxication.  As Appellant left the park, Hidalgo flagged down a police officer and told him of Appellant’s behavior.  The police officer followed Appellant and pulled him over.  When the police officer questioned Appellant, he claimed he had consumed a six-pack of beer.  After performing a field sobriety check, the police officer arrested Appellant.  A jury convicted Appellant for felony driving while intoxicated, and
 assessed his punishment at 17 years’ confinement and a $2,500 fine.

INDICTMENT

In Appellant’s first point on appeal, he alleges that the trial court committed error by allowing his prosecution based on an amended indictment which a member of the Hood County Grand Jury failed to sign.  Appellant further alleges that this action violated the Texas Constitution and the Texas Code of Criminal Procedure article 21.02.  
Tex. Const. 
art. 1 § 10; T
EX
. C
ODE
 
C
RIM
.
 P
ROC
. 
A
NN
. § 21.02 (Vernon 1989).

Prior to the commencement of trial, Appellant filed a motion to quash the indictment in this case because the indictment alleged that the offense occurred on a public road or highway.  The evidence at trial showed that Appellant did not reach the public road before the police officer arrested him for DWI.

The State filed a pre-trial motion to amend the indictment on May 17, 2001.  In an effort to cure the indictment, the State requested leave to remove the words indicating that the offense occurred on a public road or highway.  When Appellant failed to respond to this motion, the trial court granted it on May 29, 2001.  In a pre-trial hearing on June 5, 2001, one week after the trial court granted the motion and over two weeks after the State filed its motion to amend, Appellant objected to the amendment of the indictment. 

Appellant states that the amended indictment did not contain a signature of the grand jury.  The Texas Court of Criminal Appeals has previously ruled on this exact issue.  
See Riney v. State
, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (holding that “[t]he lack of a signature is of no consequence in this matter, and is, in fact, not essential to the validity of an indictment”).  In 
Riney, 

the court of criminal appeals ruled that the failure to obtain a signature on an otherwise properly amended indictment does not affect the validity of the indictment.  
Id.
  We overrule Appellant’s first point on appeal.

CHARACTER EVIDENCE 

In Appellant’s second point on appeal, he claims that the State improperly introduced evidence of Appellant’s unrelated bad acts.  Appellant alleges that this violated Texas Rule of Evidence 404(b), and prejudiced Appellant’s substantial rights.  During trial, the State introduced testimony from Hidalgo and the arresting police officer about Appellant’s behavior prior to his arrest.  The evidence showed that on the day of Appellant’s arrest he visited a local park.  While there, Appellant consumed an undisclosed amount of beer and then allegedly harassed a group of women and children visiting the park.    

The State notified Appellant prior to trial that it would question the witnesses over this alleged bad act, and Appellant requested a motion in limine on the issue.  The trial court granted the motion, but the State still went into the prior bad act at trial.  When the State questioned the witnesses about Appellant’s behavior prior to his arrest, Appellant did not object.

In order to preserve error for appellate review, a defendant must make a timely and specific objection and obtain a ruling.  T
EX
. R. A
PP
. P. 33.1(a)(1)(A). The granting of a motion in limine does not preserve error.  
Wilkerson v. State
, 881 S.W.2d 321, 326 (Tex. Crim. App.), 
cert. denied
, 513 U.S. 1060 (1994).  Consequently, a defendant must raise an objection when the complained of error occurs during trial.  
Id
.  In this case, Appellant failed to object to the evidence when the State offered it at trial and, therefore, failed to preserve error.  
See Wilson v. State
, 44 S.W.3d 602, 606 (Tex. App.—Fort Worth 2001, pet. ref’d).  We overrule Appellant’s second point on appeal.

JURY ARGUMENT

In Appellant’s third point on appeal, he claims that the trial court committed error by allowing the State to give an improper jury argument regarding retrograde extrapolation of results from multiple breath tests.  Appellant  claims that during the State’s closing argument, the prosecutor stated that at the time of the arrest Appellant’s blood alcohol level exceeded the legal limit by a factor of three.  Appellant did not object to this comment.  Appellant, therefore, failed to properly preserve any error.  
See Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that “a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal”).  

Appellant next contends that the State committed error by arguing that the blood alcohol test showed that Appellant had started to become sober when the police tested him.  During the State’s rebuttal argument, the State claimed that the two sobriety tests proved that Appellant was intoxicated at the time of his arrest.  The State argued that the first test registered an alcohol content higher than the second, and that this decline showed that Appellant sobered between his arrest and the tests.  At this point, Appellant objected to the State’s argument.  The trial court did not rule, instead the court instructed the State to “Go ahead.”  Appellant did not further request a ruling on his objection.

Appellant failed to preserve this alleged error for our review.  To preserve jury argument error, a defendant must make a contemporaneous objection and obtain an adverse ruling.  
Id.
; 
Cooks v. State
, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 927 (1993); 
Barnes v. State
, 70 S.W.3d 294, 307 (Tex. App.—Fort Worth 2002, pet. ref’d).  While Appellant properly objected, he failed to obtain a negative ruling from the trial court, and, therefore, he failed to preserve error.

After the State’s closing argument, Appellant objected again to the alleged improper argument.  The trial court overruled Appellant’s final objection.  The court of criminal appeals has ruled that in order for us to consider an objection timely, the defendant must make it at the first opportunity or as soon 

as the basis of the objection becomes apparent.  
Dinkins v. State
, 894 S.W.2d 330, 355 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995).  This allows the trial court the opportunity to cure any possible harm caused by the objectionable conduct.  
See
 
Bader v. State,
 15 S.W.3d 599, 603 (Tex. App.—Austin 2000, pet. ref’d) (Texas Rule of Appellate Procedure 33.1 reflects the policy that issues should initially be presented to the trial court so as to provide that court with an opportunity to prevent error.).  The court of criminal appeals has held that a defendant must object in nearly every situation to preserve error, even where the trial court could not cure the harm caused by objectionable conduct.  
See Ibarra v. State
, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (“Except for complaints involving fundamental constitutional systemic requirements which are not applicable here, all other complaints based on a violation of both constitutional and statutory rights are waived by failure to comply with Rule 33.1.”).

If we did not require a defendant to timely object, we would frustrate one of the main reasons for objections.  
Bader
, 15 S.W.3d at 603.  While Appellant obtained an adverse ruling after the State completed its closing argument, he failed to make a timely objection which would have permitted the trial court the chance to cure any error.  Appellant failed to preserve this error for our review.  We overrule Appellant’s third point on appeal.

CONCLUSION

Having overruled Appellant’s points on appeal, we affirm the trial court’s judgment.
 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: March 27, 2003

FOOTNOTES
1:
See 
T
EX
. R. A
PP
. P. 47.4.