COURT OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-466-CR
 
STEVEN RAY RUDDELL                                                                        APPELLANT
V.
THE STATE OF TEXAS                                                                        STATE
------------
FROM THE 355
TH DISTRICT COURT OF HOOD
COUNTY
------------
MEMORANDUM
OPINION (1)
------------
Appellant, Steven Ray Ruddell, appeals his conviction for felony
driving while intoxicated, raising three points. Appellant claims that: 1) a
defect in the indictment existed because a member of the Hood County Grand Jury
did not sign an amendment to it; 2) the State erred in introducing evidence of
unrelated bad acts of Appellant in violation of Texas Rule of Evidence 404(b)
which prejudiced his substantial rights; and 3) the trial court erred in
allowing an improper jury argument by the State with regard to retrograde
extrapolation of the results of multiple breath tests. We affirm the trial
court's judgment.
FACTS
On August 28, 2000, Bobbie Jean Hidalgo (Hidalgo), her sister-in-law
Margie, and their children went to the city beach in Granbury, Texas. While at
the lake, Appellant approached the group and allegedly harassed them. Hidalgo
testified that Appellant touched her sister-in-law Margie inappropriately.
Hidalgo further testified that during the incident, Appellant showed signs of
intoxication. As Appellant left the park, Hidalgo flagged down a police officer
and told him of Appellant's behavior. The police officer followed Appellant and
pulled him over. When the police officer questioned Appellant, he claimed he had
consumed a six-pack of beer. After performing a field sobriety check, the police
officer arrested Appellant. A jury convicted Appellant for felony driving while
intoxicated, and assessed his punishment at 17 years' confinement and a $2,500
fine.
INDICTMENT
In Appellant's first point on appeal, he alleges that the trial court
committed error by allowing his prosecution based on an amended indictment which
a member of the Hood County Grand Jury failed to sign. Appellant further alleges
that this action violated the Texas Constitution and the Texas Code of Criminal
Procedure article 21.02. Tex. Const. art. 1 § 10; TEX.
CODE CRIM. PROC.
ANN. § 21.02 (Vernon 1989).
Prior to the commencement of trial, Appellant filed a motion to quash
the indictment in this case because the indictment alleged that the offense
occurred on a public road or highway. The evidence at trial showed that
Appellant did not reach the public road before the police officer arrested him
for DWI.
The State filed a pre-trial motion to amend the indictment on May 17,
2001. In an effort to cure the indictment, the State requested leave to remove
the words indicating that the offense occurred on a public road or highway. When
Appellant failed to respond to this motion, the trial court granted it on May
29, 2001. In a pre-trial hearing on June 5, 2001, one week after the trial court
granted the motion and over two weeks after the State filed its motion to amend,
Appellant objected to the amendment of the indictment.
Appellant states that the amended indictment did not contain a
signature of the grand jury. The Texas Court of Criminal Appeals has previously
ruled on this exact issue. See Riney v. State, 28 S.W.3d
561, 566 (Tex. Crim. App. 2000) (holding that "[t]he lack of a signature is
of no consequence in this matter, and is, in fact, not essential to the validity
of an indictment"). In Riney,
the court of criminal appeals ruled that the failure to obtain a
signature on an otherwise properly amended indictment does not affect the
validity of the indictment. Id. We overrule Appellant's
first point on appeal.
CHARACTER EVIDENCE
In Appellant's second point on appeal, he claims that the State
improperly introduced evidence of Appellant's unrelated bad acts. Appellant
alleges that this violated Texas Rule of Evidence 404(b), and prejudiced
Appellant's substantial rights. During trial, the State introduced testimony
from Hidalgo and the arresting police officer about Appellant's behavior prior
to his arrest. The evidence showed that on the day of Appellant's arrest he
visited a local park. While there, Appellant consumed an undisclosed amount of
beer and then allegedly harassed a group of women and children visiting the
park.
The State notified Appellant prior to trial that it would question the
witnesses over this alleged bad act, and Appellant requested a motion in limine
on the issue. The trial court granted the motion, but the State still went into
the prior bad act at trial. When the State questioned the witnesses about
Appellant's behavior prior to his arrest, Appellant did not object.
In order to preserve error for appellate review, a defendant must make
a timely and specific objection and obtain a ruling. TEX.
R. APP. P. 33.1(a)(1)(A). The granting of a motion in
limine does not preserve error. Wilkerson v. State, 881
S.W.2d 321, 326 (Tex. Crim. App.), cert. denied, 513 U.S.
1060 (1994). Consequently, a defendant must raise an objection when the
complained of error occurs during trial. Id. In this case,
Appellant failed to object to the evidence when the State offered it at trial
and, therefore, failed to preserve error. See Wilson v. State,
44 S.W.3d 602, 606 (Tex. App.--Fort Worth 2001, pet. ref'd). We overrule
Appellant's second point on appeal.
JURY ARGUMENT
In Appellant's third point on appeal, he claims that the trial court
committed error by allowing the State to give an improper jury argument
regarding retrograde extrapolation of results from multiple breath tests.
Appellant claims that during the State's closing argument, the prosecutor stated
that at the time of the arrest Appellant's blood alcohol level exceeded the
legal limit by a factor of three. Appellant did not object to this comment.
Appellant, therefore, failed to properly preserve any error. See
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that
"a defendant's failure to object to a jury argument or a defendant's
failure to pursue to an adverse ruling his objection to a jury argument forfeits
his right to complain about the argument on appeal").
Appellant next contends that the State committed error by arguing that
the blood alcohol test showed that Appellant had started to become sober when
the police tested him. During the State's rebuttal argument, the State claimed
that the two sobriety tests proved that Appellant was intoxicated at the time of
his arrest. The State argued that the first test registered an alcohol content
higher than the second, and that this decline showed that Appellant sobered
between his arrest and the tests. At this point, Appellant objected to the
State's argument. The trial court did not rule, instead the court instructed the
State to "Go ahead." Appellant did not further request a ruling on his
objection.
Appellant failed to preserve this alleged error for our review. To
preserve jury argument error, a defendant must make a contemporaneous objection
and obtain an adverse ruling. Id.; Cooks
v. State, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992), cert.
denied, 509 U.S. 927 (1993); Barnes v. State, 70
S.W.3d 294, 307 (Tex. App.--Fort Worth 2002, pet. ref'd). While Appellant
properly objected, he failed to obtain a negative ruling from the trial court,
and, therefore, he failed to preserve error.
After the State's closing argument, Appellant objected again to the
alleged improper argument. The trial court overruled Appellant's final
objection. The court of criminal appeals has ruled that in order for us to
consider an objection timely, the defendant must make it at the first
opportunity or as soon as the basis of the objection becomes apparent. Dinkins
v. State, 894 S.W.2d 330, 355 (Tex. Crim. App.), cert.
denied, 516 U.S. 832 (1995). This allows the trial court the opportunity to
cure any possible harm caused by the objectionable conduct. See
Bader v. State, 15 S.W.3d 599, 603 (Tex. App.--Austin
2000, pet. ref'd) (Texas Rule of Appellate Procedure 33.1 reflects the policy
that issues should initially be presented to the trial court so as to provide
that court with an opportunity to prevent error.). The court of criminal appeals
has held that a defendant must object in nearly every situation to preserve
error, even where the trial court could not cure the harm caused by
objectionable conduct. See Ibarra v. State, 11 S.W.3d 189,
197 (Tex. Crim. App. 1999) ("Except for complaints involving fundamental
constitutional systemic requirements which are not applicable here, all other
complaints based on a violation of both constitutional and statutory rights are
waived by failure to comply with Rule 33.1.").
If we did not require a defendant to timely object, we would frustrate
one of the main reasons for objections. Bader, 15 S.W.3d
at 603. While Appellant obtained an adverse ruling after the State completed its
closing argument, he failed to make a timely objection which would have
permitted the trial court the chance to cure any error. Appellant failed to
preserve this error for our review. We overrule Appellant's third point on
appeal.
CONCLUSION
Having overruled Appellant's points on appeal, we affirm the trial
court's judgment.
 
                                                                       SAM
J. DAY
                                                                       JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and LIVINGSTON, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See TEX. R. APP. P. 47.4.