BONNER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

                                    NOS. 2-03-003-CR

2-03-004-CR

LARRY EARL BONNER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Larry Earl Bonner was convicted by a jury of unlawful possession of a firearm by a felon and possession of less than one gram of a controlled substance, cocaine.  The court assessed his punishment at eight years’ and two years’ confinement, respectively, to run concurrently.  Appellant raises five issues on appeal.  We affirm. 

Background
 

On January 4, 2002, police officers executed a narcotics search warrant at Appellant’s home, 5032 Goodman Avenue in Fort Worth.  The search warrant specified that cocaine was present in the house.  The officers broke down the door and found Appellant sleeping in his bedroom with his girlfriend.  At the time of the entry, Appellant was in the process of waking up.  A loaded Ruger .22 semi-automatic handgun was found between the mattresses of Appellant’s bed; the handle of the gun was sticking out from under the mattress and was within Appellant’s reach.  Police also found another gun in the drawer of a nightstand, and found two clear capsules containing cocaine.  Appellant was arrested for possession of a controlled substance, and after the police determined that Appellant was a convicted felon he was charged with unlawful possession of a firearm.  
See
 
Tex. Penal Code Ann.
 § 46.04 (Vernon Supp. 2004).

Probable Cause For Search Warrant

Appellant’s first issue asserts the trial court erred in denying his motion to suppress the search warrant because it was issued without probable cause in violation of his right to be free from unreasonable searches and seizures under the United States and Texas Constitutions.  

Probable cause must exist before a search warrant may issue.  U.S. C
onst
. amend. IV; 
Tex. Code Crim. Proc. Ann.
 art. 18.01 (a), (b) (Vernon Supp. 2004).  Probable cause exists where the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that a particular person has committed or is committing an offense.  
Amores v. State
, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991).  Whether the facts alleged in a probable cause affidavit sufficiently support a search warrant is determined by examining the totality of circumstances.  
Illinois v. Gates,
 462 U.S. 213, 228-29, 103 S. Ct. 2317, 2326-27 (1983); 
Ramos v. State,
 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996), 
cert. denied,
 520 U.S. 1198 (1997).  

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review by giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law of search and seizure.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  The trial court, in determining whether a probable cause affidavit sufficiently supports a search warrant, examines the totality of the circumstances and gives great deference to the magistrate's decision to issue the warrant.  
Ramos
, 934 S.W.2d at 362-63
.  The allegations in the affidavit are sufficient if they would justify a conclusion that the object of the search is probably on the premises.  
Id. 
at 363.  The legal adequacy of the affidavit should be made by looking within the four corners of the affidavit.  
Lagrone v. State
, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987), 
cert. denied
, 485 U.S. 937 (1988).  
Warrant affidavits should be interpreted in a common sense and realistic manner and the reviewing magistrate is permitted to draw reasonable inferences.
 
 
Jones v. State
, 833 S.W.2d 118, 124 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 921 (1993).

 The affidavit supporting the search warrant contained the following information:

• The affiant, Officer A. Smith, is a Fort Worth police officer who met with a confidential informant regarding alleged drug activity at 5032 Goodman Avenue.

• The informant had been inside 5032 Goodman Avenue within the past seventy-two hours.  He described to Officer Smith the suspect’s physical characteristics in detail and stated that he personally witnessed the suspect in possession of and distributing quantities of cocaine.

• Officer Smith confirmed that the location of the house was exactly as described by the informant.  The officer conducted surveillance at this address and saw the suspect at this residence.  The officer also observed heavy vehicle and foot traffic approach this residence; the visitors stayed for a short period of time and then departed.  The officer stated that this type of activity is consistent with that of individuals involved in narcotic trafficking.  

• In the past, this informant had displayed the ability to accurately identify cocaine, which was later seized and confirmed by laboratory analysis to be a controlled substance.  The informant had provided information that had resulted in the confiscation of cocaine and the arrest of individuals for possession of a controlled substance.

We have carefully reviewed the affidavit at issue.  We conclude that the  recitations in the affidavit demonstrate the reliability of the confidential informant and establish probable cause for the search warrant of Appellant’s residence.  Accordingly, the trial court did not err in denying Appellant’s motion to suppress.  Appellant’s first issue is overruled.

Motion For Instructed Verdict

In his second issue, Appellant contends the trial court erred in overruling Appellant’s motion for instructed verdict because there was not sufficient evidence as a matter of law to convict Appellant of either offense.  A challenge to the denial of a motion for directed/instructed verdict is actually a challenge to the sufficiency of the evidence.  
McDuff v. State
, 939 S.W.2d 607, 613 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997); 
Franks v. State
, 90 S.W.3d 771, 789 (Tex. App.—Fort Worth 2002, no pet.).

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

The testimony at trial established that Appellant was a convicted felon. When the officers executed the search warrant for Appellant’s house, they found Appellant and his girlfriend sleeping in the bed, and the gun was partially visible and within Appellant’s reach.  Additionally, capsules containing cocaine were found in a nightstand.  Appellant specifically complains that the officers’ testimony in this case was “completely incredible” because in preparation for trial some of the officers who executed the search warrant had drawn a diagram of Appellant’s house that incorrectly included a garage.  At trial, one of the officers acknowledged that the diagram was in error because it included the nonexistent garage, but the officer stated that the other portions of the diagram were correct.  However, the officer who actually found and recovered the weapon from beneath Appellant’s mattress testified that he did not participate in creating the diagram and did not recall whether Appellant’s house had a garage.

The credibility of the officers’ testimony was a matter for the jury; it was the jury’s prerogative to weigh the evidence, to judge the credibility of the witnesses, and to consider the conflicting theories of the case.  
Turro v. State
, 867 S.W.2d 43, 48 (Tex. Crim. App. 1993).  The jury can accept all or any part of a witness’s testimony.  
Hughes v. State
, 897 S.W.2d 285, 289-90 (Tex. Crim. App. 1994), 
cert. denied
, 514 U.S. 1112 (1995).  

Viewing all the evidence in the light most favorable to 
the verdict, we hold that a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.  Accordingly, we overrule Appellant’s second issue.

Continuance

Appellant’s third issue asserts the trial court erred in overruling Appellant’s motion for continuance that he sought because the State refused to give Appellant’s adult son immunity in return for testifying for Appellant.  During his case-in-chief, Appellant called his son to testify.  After the son was appointed counsel because the son was also a convicted felon who could be charged with possession of a firearm by a felon, the son stated he intended to exercise his right to remain silent and to not testify.  Appellant objected and asked the court for a continuance until the statute of limitations expired on charges which could be brought against the son.  The trial court denied the postponement and Appellant’s subsequent motion for mistrial that was “based upon denial of due process under both the State of Texas Constitutions [sic] and U.S. Constitution.”

A motion for continuance must be sworn to and in writing.  
Tex. Code Crim. Proc. Ann.
 arts. 29.03, 29.08 (Vernon 1989).  An appellant who fails to reduce his continuance motion to writing and to swear to it has preserved nothing for our review.  
Dewberry
, 4 S.W.3d at 755-56; 
Ricketts v. State
, 89 S.W.3d 312, 317 (Tex. App.—Fort Worth 2002, pets. ref’d).  There is no authority permitting this court to conduct an equitable review of Appellant’s oral motion for continuance.  
See Dewberry
, 4 S.W.3d at 756 n.22; 
Ricketts
, 89 S.W.3d at 317.  Because Appellant has not preserved this complaint for our review, we overrule his third issue.

Jury Argument

In his fourth issue, Appellant contends the trial court erred in overruling Appellant’s objection and denying his motion for mistrial because the prosecutor took a handgun that was an exhibit in the case and put it into his pocket during jury argument.  

During the State’s final jury argument, as the prosecutor was in the middle of his argument, the following transpired:

[PROSECUTOR:]  And the truth is we have a lot of evidence.  The truth is we have a lot of drug stuff.  We have a lot of gun stuff.  And in a second we're going to talk about that evidence in detail, but I want to go through what [the defense counsel] talked about first.

[DEFENSE COUNSEL]:  Your Honor, excuse me.  I'm going to have to object at this point.  May I approach? 

THE COURT:  Well, hold on.  You can approach, but there's no need to preserve an objection on the record.

(Discussion off the record)

[DEFENSE COUNSEL]:  Your Honor, I must object.  I think [the prosecutor] just put one of the pistols in his pocket, and I believe that's improper and inflammatory argument and unlawful way -- a wrong way to appropriate evidence in this case.

THE COURT:  Appropriate has legal meaning.

[DEFENSE COUNSEL]:  Never seen a prosecutor put a gun in their pocket before, and I believe it's inflammatory and improper.

THE COURT:  All right.  That objection is overruled as long as [the prosecutor], in fact, leaves the exhibit with the court reporter at the conclusion of his argument.

[DEFENSE COUNSEL]:  Ask for a mistrial.

THE COURT:  That will be denied.

[PROSECUTOR]:  Well, I'm sorry that it offends him that I wanted to make a point with y'all.  I'm sorry that it offends him that his client has guns.  And I want to clear up one thing because I'm sick and tired about whether or not these guns are deadly if they are unloaded.

This is a gun that I can hide in my pocket.  It's not a rifle, is it?  It's not a shotgun, is it?  

It has one purpose.  It is so that an idiot like me can hide it like this and walk anywhere I want even if I'm convicted of a burglary felon, sir, and pull it out of my pocket.  

And if any one of y'all thinks because this stupid thing is unloaded, hopefully, and has a stupid wire here in it, that I should point it at you because you're going to feel safe, is there any one of you that wants me to do that? 

That's why it's put in the pocket, is to make that point.  It's a firearm.

On appeal, Appellant states that while he was accused of having a handgun inside his bedroom, he has not been accused of carrying a handgun on his person in public.  Appellant contends that to imply that Appellant could do so when the only possible way he had violated the law was to be a felon in possession of a firearm was not proper argument and unfairly inflamed the minds of the jurors.  The State responds that the prosecutor was merely pointing out the ease with which Appellant could have concealed his handgun, which was a matter of simple common sense.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

We conclude that the prosecutor’s gesture was unconventional but that it was part of his proper plea for law enforcement.  It was logical for the prosecutor to explain to the jury, as part of his plea for law enforcement, that the purpose of the statute prohibiting a felon to be in possession of a weapon is to prevent dangerous members of society from possessing guns.  Therefore, the prosecutor’s demonstration during jury argument was not error.  We overrule Appellant’s fourth issue.

Motion To Quash The Indictment

Appellant’s fifth issue alleges that section 46.04 of the Texas Penal Code, the possession of a firearm statute, “denies Appellant the constitutional right to keep and bear arms in his own home.”  Appellant concedes that the issue of the constitutionality of this restriction upon Appellant’s right to keep and bear arms under the Texas Constitution has been decided adversely to Appellant by this court.  
See Wilson v. State
, 44 S.W.3d 602, 605 (Tex. App.—Fort Worth 2001, pet. ref’d).  Nonetheless, Appellant requests that this court revisit this issue and reverse itself.  We decline to do so.  Our opinion in 
Wilson
 thoroughly analyzes and disposes of Appellant’s current claim that section 46.04 unreasonably contravenes the right to bear arms guaranteed by the Texas Constitution.  
See id.
 at 604-05.  We overrule Appellant’s fifth issue.
(footnote: 1)
Conclusion

Having overruled all of Appellant’s issues, we affirm the judgments of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH   

Tex. R. App. P. 
47.2(b)

DELIVERED:  April 1, 2004

FOOTNOTES
1:
Appellant’s motion to quash the indictments alleged he “is charged with an offense that denies his right to keep and bear arms under Amendment Two of the United States Constitution and Article 1 Section 23 of the Texas Constitution.”  Appellant’s issue on appeal does not specify whether Appellant is asserting that section 46.04 violates the U.S. Constitution or the Texas Constitution.  However, the only case cited by Appellant in support of his appellate complaint deals solely with an alleged violation of the Texas Constitution.  
See Wilson
, 44 S.W.3d at 604-05.  Accordingly, Appellant has not raised an appellate challenge involving the U.S. Constitution.  
See
 
McCambridge v. State
, 712 S.W.2d 499, 501 n.9 (Tex. Crim. App. 1986) (“Attorneys, when briefing constitutional questions, should carefully separate federal and state issues into separate grounds and provide substantive analysis or argument on each separate ground.”).