COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NOS. 2-03-003-CR
        
2-03-004-CR

 
LARRY 
EARL BONNER                                                            APPELLANT
 
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Larry Earl Bonner was convicted by a jury of unlawful possession of a firearm by 
a felon and possession of less than one gram of a controlled substance, cocaine. 
The court assessed his punishment at eight years’ and two years’ 
confinement, respectively, to run concurrently. Appellant raises five issues on 
appeal. We affirm.
Background
        On 
January 4, 2002, police officers executed a narcotics search warrant at 
Appellant’s home, 5032 Goodman Avenue in Fort Worth. The search warrant 
specified that cocaine was present in the house. The officers broke down the 
door and found Appellant sleeping in his bedroom with his girlfriend. At the 
time of the entry, Appellant was in the process of waking up. A loaded Ruger .22 
semi-automatic handgun was found between the mattresses of Appellant’s bed; 
the handle of the gun was sticking out from under the mattress and was within 
Appellant’s reach. Police also found another gun in the drawer of a 
nightstand, and found two clear capsules containing cocaine. Appellant was 
arrested for possession of a controlled substance, and after the police 
determined that Appellant was a convicted felon he was charged with unlawful 
possession of a firearm. See Tex. Penal Code Ann. § 46.04 (Vernon Supp. 2004).
Probable Cause For Search Warrant
        Appellant’s 
first issue asserts the trial court erred in denying his motion to suppress the 
search warrant because it was issued without probable cause in violation of his 
right to be free from unreasonable searches and seizures under the United States 
and Texas Constitutions.
        Probable 
cause must exist before a search warrant may issue. U.S. Const. amend. IV; Tex. Code Crim. Proc. Ann. art. 18.01 (a), (b) (Vernon Supp. 
2004).  Probable cause exists where the facts and circumstances within the 
officer's knowledge and of which the officer has reasonably trustworthy 
information are sufficient in themselves to warrant a person of reasonable 
caution in the belief that a particular person has committed or is committing an 
offense. Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). 
Whether the facts alleged in a probable cause affidavit sufficiently support a 
search warrant is determined by examining the totality of circumstances. Illinois 
v. Gates, 462 U.S. 213, 228-29, 103 S. Ct. 2317, 2326-27 (1983); Ramos v. 
State, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996), cert. denied, 
520 U.S. 1198 (1997).
        We 
review a trial court's ruling on a motion to suppress under a bifurcated 
standard of review by giving almost total deference to a trial court's 
determination of historical facts and reviewing de novo the court's application 
of the law of search and seizure. Carmouche v. State, 10 S.W.3d 323, 327 
(Tex. Crim. App. 2000). The trial court, in determining whether a probable cause 
affidavit sufficiently supports a search warrant, examines the totality of the 
circumstances and gives great deference to the magistrate's decision to issue 
the warrant. Ramos, 934 S.W.2d at 362-63. The allegations in the 
affidavit are sufficient if they would justify a conclusion that the object of 
the search is probably on the premises. Id. at 363. The legal adequacy of 
the affidavit should be made by looking within the four corners of the 
affidavit. Lagrone v. State, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987), cert. 
denied, 485 U.S. 937 (1988). Warrant affidavits should be interpreted in a 
common sense and realistic manner and the reviewing magistrate is permitted to 
draw reasonable inferences. Jones v. State, 833 S.W.2d 118, 124 (Tex. 
Crim. App. 1992), cert. denied, 507 U.S. 921 (1993).
        The 
affidavit supporting the search warrant contained the following information:
 
        • 
The affiant, Officer A. Smith, is a Fort Worth police officer who met with a 
confidential informant regarding alleged drug activity at 5032 Goodman Avenue.
 
        • 
The informant had been inside 5032 Goodman Avenue within the past seventy-two 
hours. He described to Officer Smith the suspect’s physical characteristics in 
detail and stated that he personally witnessed the suspect in possession of and 
distributing quantities of cocaine.
 
        • 
Officer Smith confirmed that the location of the house was exactly as described 
by the informant. The officer conducted surveillance at this address and saw the 
suspect at this residence. The officer also observed heavy vehicle and foot 
traffic approach this residence; the visitors stayed for a short period of time 
and then departed. The officer stated that this type of activity is consistent 
with that of individuals involved in narcotic trafficking.
 
        • 
In the past, this informant had displayed the ability to accurately identify 
cocaine, which was later seized and confirmed by laboratory analysis to be a 
controlled substance. The informant had provided information that had resulted 
in the confiscation of cocaine and the arrest of individuals for possession of a 
controlled substance.
 
        We 
have carefully reviewed the affidavit at issue. We conclude that the recitations 
in the affidavit demonstrate the reliability of the confidential informant and 
establish probable cause for the search warrant of Appellant’s residence. 
Accordingly, the trial court did not err in denying Appellant’s motion to 
suppress. Appellant’s first issue is overruled.
Motion For Instructed Verdict
        In 
his second issue, Appellant contends the trial court erred in overruling 
Appellant’s motion for instructed verdict because there was not sufficient 
evidence as a matter of law to convict Appellant of either offense. A challenge 
to the denial of a motion for directed/instructed verdict is actually a 
challenge to the sufficiency of the evidence. McDuff v. State, 939 S.W.2d 
607, 613 (Tex. Crim. App.), cert. denied, 522 U.S. 844 (1997); Franks 
v. State, 90 S.W.3d 771, 789 (Tex. App.—Fort Worth 2002, no pet.).
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and, thus, substituting 
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
        The 
testimony at trial established that Appellant was a convicted felon. When the 
officers executed the search warrant for Appellant’s house, they found 
Appellant and his girlfriend sleeping in the bed, and the gun was partially 
visible and within Appellant’s reach. Additionally, capsules containing 
cocaine were found in a nightstand. Appellant specifically complains that the 
officers’ testimony in this case was “completely incredible” because in 
preparation for trial some of the officers who executed the search warrant had 
drawn a diagram of Appellant’s house that incorrectly included a garage. At 
trial, one of the officers acknowledged that the diagram was in error because it 
included the nonexistent garage, but the officer stated that the other portions 
of the diagram were correct.  However, the officer who actually found and 
recovered the weapon from beneath Appellant’s mattress testified that he did 
not participate in creating the diagram and did not recall whether Appellant’s 
house had a garage.
        The 
credibility of the officers’ testimony was a matter for the jury; it was the 
jury’s prerogative to weigh the evidence, to judge the credibility of the 
witnesses, and to consider the conflicting theories of the case. Turro v. 
State, 867 S.W.2d 43, 48 (Tex. Crim. App. 1993). The jury can accept all or 
any part of a witness’s testimony. Hughes v. State, 897 S.W.2d 285, 
289-90 (Tex. Crim. App. 1994), cert. denied, 514 U.S. 1112 (1995).
        Viewing 
all the evidence in the light most favorable to the verdict, we hold that a 
rational trier of fact could have found the essential elements of the crimes 
beyond a reasonable doubt. Accordingly, we overrule Appellant’s second issue.
Continuance
        Appellant’s 
third issue asserts the trial court erred in overruling Appellant’s motion for 
continuance that he sought because the State refused to give Appellant’s adult 
son immunity in return for testifying for Appellant. During his case-in-chief, 
Appellant called his son to testify. After the son was appointed counsel because 
the son was also a convicted felon who could be charged with possession of a 
firearm by a felon, the son stated he intended to exercise his right to remain 
silent and to not testify. Appellant objected and asked the court for a 
continuance until the statute of limitations expired on charges which could be 
brought against the son.  The trial court denied the postponement and 
Appellant’s subsequent motion for mistrial that was “based upon denial of 
due process under both the State of Texas Constitutions [sic] and U.S. 
Constitution.”
        A 
motion for continuance must be sworn to and in writing. Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08 (Vernon 1989). An 
appellant who fails to reduce his continuance motion to writing and to swear to 
it has preserved nothing for our review. Dewberry, 4 S.W.3d at 755-56; Ricketts 
v. State, 89 S.W.3d 312, 317 (Tex. App.—Fort Worth 2002, pets. ref’d). 
There is no authority permitting this court to conduct an equitable review of 
Appellant’s oral motion for continuance. See Dewberry, 4 S.W.3d at 756 
n.22; Ricketts, 89 S.W.3d at 317. Because Appellant has not preserved 
this complaint for our review, we overrule his third issue.
Jury Argument
        In 
his fourth issue, Appellant contends the trial court erred in overruling 
Appellant’s objection and denying his motion for mistrial because the 
prosecutor took a handgun that was an exhibit in the case and put it into his 
pocket during jury argument.
        During 
the State’s final jury argument, as the prosecutor was in the middle of his 
argument, the following transpired:
 
[PROSECUTOR:] 
And the truth is we have a lot of evidence. The truth is we have a lot of drug 
stuff. We have a lot of gun stuff. And in a second we're going to talk about 
that evidence in detail, but I want to go through what [the defense counsel] 
talked about first.
 
[DEFENSE 
COUNSEL]: Your Honor, excuse me. I'm going to have to object at this point. May 
I approach?
 
THE 
COURT: Well, hold on. You can approach, but there's no need to preserve an 
objection on the record.
 
(Discussion 
off the record)
 
[DEFENSE 
COUNSEL]: Your Honor, I must object. I think [the prosecutor] just put one of 
the pistols in his pocket, and I believe that's improper and inflammatory 
argument and unlawful way -- a wrong way to appropriate evidence in this case.
 
THE 
COURT: Appropriate has legal meaning.
 
[DEFENSE 
COUNSEL]: Never seen a prosecutor put a gun in their pocket before, and I 
believe it's inflammatory and improper.
 
THE 
COURT: All right. That objection is overruled as long as [the prosecutor], in 
fact, leaves the exhibit with the court reporter at the conclusion of his 
argument.
 
[DEFENSE 
COUNSEL]: Ask for a mistrial.
 
THE 
COURT: That will be denied.
 
[PROSECUTOR]: 
Well, I'm sorry that it offends him that I wanted to make a point with y'all. 
I'm sorry that it offends him that his client has guns. And I want to clear up 
one thing because I'm sick and tired about whether or not these guns are deadly 
if they are unloaded.
 
This 
is a gun that I can hide in my pocket. It's not a rifle, is it? It's not a 
shotgun, is it?
 
It 
has one purpose. It is so that an idiot like me can hide it like this and walk 
anywhere I want even if I'm convicted of a burglary felon, sir, and pull it out 
of my pocket.
 
And 
if any one of y'all thinks because this stupid thing is unloaded, hopefully, and 
has a stupid wire here in it, that I should point it at you because you're going 
to feel safe, is there any one of you that wants me to do that?
 
That's 
why it's put in the pocket, is to make that point. It's a firearm.
  
        On 
appeal, Appellant states that while he was accused of having a handgun inside 
his bedroom, he has not been accused of carrying a handgun on his person in 
public. Appellant contends that to imply that Appellant could do so when the 
only possible way he had violated the law was to be a felon in possession of a 
firearm was not proper argument and unfairly inflamed the minds of the jurors. 
The State responds that the prosecutor was merely pointing out the ease with 
which Appellant could have concealed his handgun, which was a matter of simple 
common sense.
        To 
be permissible, the State’s jury argument must fall within one of the 
following four general areas: (1) summation of the evidence; (2) reasonable 
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) 
plea for law enforcement. Felder v. State, 848 S.W.2d 85, 94-95 (Tex. 
Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. 
State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).
        We 
conclude that the prosecutor’s gesture was unconventional but that it was part 
of his proper plea for law enforcement. It was logical for the prosecutor to 
explain to the jury, as part of his plea for law enforcement, that the purpose 
of the statute prohibiting a felon to be in possession of a weapon is to prevent 
dangerous members of society from possessing guns. Therefore, the prosecutor’s 
demonstration during jury argument was not error. We overrule Appellant’s 
fourth issue.
Motion To Quash The Indictment
        Appellant’s 
fifth issue alleges that section 46.04 of the Texas Penal Code, the possession 
of a firearm statute, “denies Appellant the constitutional right to keep and 
bear arms in his own home.” Appellant concedes that the issue of the 
constitutionality of this restriction upon Appellant’s right to keep and bear 
arms under the Texas Constitution has been decided adversely to Appellant by 
this court. See Wilson v. State, 44 S.W.3d 602, 605 (Tex. App.—Fort 
Worth 2001, pet. ref’d). Nonetheless, Appellant requests that this court 
revisit this issue and reverse itself. We decline to do so. Our opinion in Wilson 
thoroughly analyzes and disposes of Appellant’s current claim that section 
46.04 unreasonably contravenes the right to bear arms guaranteed by the Texas 
Constitution. See id. at 604-05. We overrule Appellant’s fifth issue.[1]
Conclusion
        Having 
overruled all of Appellant’s issues, we affirm the judgments of the trial 
court.
 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
 
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
LIVINGSTON, 
J. concurs without opinion.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 1, 2004


NOTES
1.  
Appellant’s motion to quash the indictments alleged he “is charged with an 
offense that denies his right to keep and bear arms under Amendment Two of the 
United States Constitution and Article 1 Section 23 of the Texas 
Constitution.” Appellant’s issue on appeal does not specify whether 
Appellant is asserting that section 46.04 violates the U.S. Constitution or the 
Texas Constitution. However, the only case cited by Appellant in support of his 
appellate complaint deals solely with an alleged violation of the Texas 
Constitution. See Wilson, 44 S.W.3d at 604-05. Accordingly, Appellant has 
not raised an appellate challenge involving the U.S. Constitution. See McCambridge 
v. State, 712 S.W.2d 499, 501 n.9 (Tex. Crim. App. 1986) (“Attorneys, when 
briefing constitutional questions, should carefully separate federal and state 
issues into separate grounds and provide substantive analysis or argument on 
each separate ground.”).