

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00084-CR
No. 02-23-00085-CR

_____

CHRISTOPHER EARL JIMISON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1687940D, 1688284D

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Christopher Earl Jimison appeals from his two convictions for unlawful possession of a firearm. *See* Tex. Penal Code Ann. § 46.04(a). The question in these appeals is whether the relevant statutory provision, Texas Penal Code Section 46.04(a), is unconstitutional on its face under the United States Supreme Court's *Bruen* decision. *See N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). Because we hold that Section 46.04(a) is facially constitutional, we affirm Jimison's convictions.

## Background

Jimison was indicted in two separate cause numbers for unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04(a). Each of those indictments alleged that Jimison had possessed a firearm after having previously been convicted of the felony offense of possession of a controlled substance. Each indictment also included a repeat offender notice alleging that Jimison had previously been convicted of the felony offense of deadly conduct by discharging a firearm at an individual.

Jimison filed motions to quash the indictments. He argued in his motions that there is no historical basis for restricting firearm possession by people who are convicted felons and that the indictments therefore violated the Second and Fourteenth Amendments of the United States Constitution. He further alleged that at

2

the time of the altercation that had led to his arrest, he was inside the motel room that was his home.[1] The trial court denied the motions after a hearing.

Jimison also faced charges of aggravated assault with a deadly weapon (two counts), assault of a family member by impeding breath, possession of a controlled substance, and evading arrest or detention. The State and Jimison entered into a plea agreement under which the State agreed to dismiss the aggravated assault charges, waive the deadly weapon finding in each case, and recommend a sentence of ten years' confinement on each charge, with the sentences running concurrently.[2] For his part, Jimison agreed to plead guilty and to plead true to the indictments' repeat-offender paragraphs. In accordance with the agreement, the trial court adjudicated Jimison guilty and sentenced him to ten years' confinement.

## Discussion

In one issue, Jimison argues that the trial court erred by failing to grant his motions to quash the two unlawful-possession indictments based on the Second Amendment of the United States Constitution and Article I, Section 23 of the Texas

---

[1]At the hearing on the motions, he stated that his motion in one of the cases should have had a different factual recitation, but he did not explain the circumstances that led to that charge or assert that he was inside his home at the time of the offense or arrest.

[2]At the hearing, the State also stated that it was also offering ten years' confinement on an unindicted possession of a firearm case.

3

Constitution. He specifically challenges Section 46.04(a)(1) as an unconstitutional limitation on a person's right to bear arms within the person's home.

Texas courts have previously upheld the validity of Section 46.04(a) under the Texas Constitution. *See, e.g.*, *Wilson v. State*, 44 S.W.3d 602, 605 (Tex. App.—Fort Worth 2001, pet. ref'd). However, Jimison asserts that both the federal constitution and the Texas Constitution should be read in light of *Bruen* and that *Bruen* makes Section 46.04(a)(1) facially unconstitutional. Because Jimison raises a facial challenge to the statute, he "must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100 (1987).

Section 46.04(a)(1) states that, after a person has been convicted of a felony, the person commits an offense if the person possesses a firearm before the fifth anniversary of the person's release from confinement. Texas Penal Code Ann. § 46.04(a)(1). After those five years have passed, the person may possess a firearm, but only at the person's residence. *Id.* § 46.04(a)(2). Jimison also argues that the Texas Constitution "only limits an individual's right to possess a firearm to prevent crime" and that "possession of a firearm within the home as offered in Section 46.04[(a)](2) is more aligned with an interpretation of Article I, Section 23 of the Texas Constitution."

As we recently held, under controlling United States Supreme Court precedent, felon-in-possession statutes are permissible regulations under the Second

4

Amendment. *See Ex parte Huell*, No. 02-24-00315-CR, 2024 WL 5083192, at *3 (Tex. App.—Fort Worth Dec. 12, 2024, no pet. h.). We explained that the Supreme Court has stated that the Second Amendment protects the "right of law-abiding, responsible citizens" to possess firearms "in defense of hearth and home" and that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful regulatory measures." *Id.* at *2 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 627 n.6, 635, 128 S. Ct. 2783, 2816–17, n.26 (2008)). *Bruen* did not overrule *Heller*. *See, e.g.*, *Bruen*, at 29, 71, 142 S. Ct. at 2132–33, 2156 (noting that previous U.S. Supreme Court cases had "point[ed] toward at least two metrics" for evaluating the constitutionality of gun regulations—"how and why the regulations burden a *law-abiding citizen's* right to armed self-defense"—and holding that New York's firearm licensing requirement "violates the Fourteenth Amendment in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms" (emphasis added)); *see also id.* at 81, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (reiterating *Heller*'s statement that nothing in that opinion "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons"). More recently, in *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024), the Court upheld a federal law temporarily disarming persons subject to restraining orders and again noted its statement in *Heller* that prohibitions like those on the possession of firearms by felons are presumptively lawful. The Court stated that "[o]ur tradition of firearm regulation allows the Government to disarm individuals

who present a credible threat to the physical safety of others." *Rahimi*, 602 U.S. at 698–99, 700, 144 S. Ct. at 1901, 1902 (2024).

Because the United States Supreme Court has "left generally undisturbed the regulatory framework that keeps firearms out of the hands of dangerous felons," *Swindle v. State*, No. 08-23-00057-CR, 2023 WL 7171472, at *4 (Tex. App.—El Paso Oct. 31, 2023, pet. ref'd) (mem. op., not designated for publication), Section 46.04(a) is not unconstitutional on its face. We therefore overrule Jimison's sole point. *See Huell*, 2024 WL 5083192, at *3; *Ex parte Strickland*, No. 12-24-00031-CR, 2024 WL 4471121, at *4 (Tex. App.—Tyler Oct. 9, 2024, pet. filed) (concluding that "if, as alleged in the indictment, the State proves that Appellant is a convicted felon, then he is not a law-abiding citizen entitled to Second Amendment rights under *Bruen*"); *see also State v. Bonaparte*, 554 P.3d 1245, 1250 (Wash. Ct. App. 2024) (holding that *Bruen*'s framework applied to restrictions on a law-abiding citizen's right to bear arms and was not applicable to the defendant, who had been convicted of felony assault).

## Conclusion

Having overruled Jimison's point, we affirm the trial court's judgments.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 9, 2025