Opinion issued November 16, 2006




     










In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00536-CR




COREY MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 943,217




MEMORANDUM OPINION

          Appellant, Corey Moore, pleaded guilty to manslaughter. See Tex. Pen. Code
Ann. § 19.04 (Vernon 2003). Appellant also pleaded “true” to an enhancement
paragraph which alleged that he had been previously convicted of the felony offense
of aggravated robbery. The trial court deferred adjudication for seven years and
placed appellant on community supervision. 
          Subsequently, the State moved to adjudicate appellant’s guilt on the ground
that he had violated the terms and conditions of his community supervision. 
Appellant pleaded “not true” to the allegations in the motion. Following a hearing
on the State’s motion, the trial court found that the allegations in the motion were true
and that appellant had violated the terms and conditions of his community
supervision. The trial court sentenced appellant to confinement for 20 years. 
          In two points of error, appellant argues that (1) the 20-year sentence constitutes
cruel and unusual punishment under the Eighth Amendment of the United States
Constitution and (2) the 20-year sentence constitutes cruel and unusual punishment
under Article I, Section 13 of the Texas Constitution. 
          We affirm. Background
          Appellant was charged with manslaughter of Edwin Lewis, the complainant,
that occurred on or about March 13, 2003. On May 3, 2004, pursuant to a plea
agreement with the State, appellant pleaded guilty to the allegations contained within
the indictment. Appellant also pleaded “true” to an enhancement paragraph which
alleged he had previously been convicted of the felony of aggravated robbery. Upon
acceptance of the plea agreement, the trial court deferred adjudication for seven years;
ordered that appellant pay restitution in the amount of $4,700 to Paxton Keyes; avoid
contact with April Lewis and the family of the complainant; and pay for the
installation of a headstone for complainant’s grave. Additionally, as conditions of
community supervision, the trial court ordered appellant to attend anger management
counseling; pay a fine of $350; perform 360 hours of community service; submit to
random drug and alcohol analysis and counseling; pay supervision fees and
laboratory fees; work faithfully at suitable employment; remain in Harris County; and
participate in a maximum supervision program of the Harris County Supervision
Department. 
          On March 3, 2005, the State moved to adjudicate appellant’s guilt on the
ground that appellant had violated the terms and conditions of his community
supervision. At a hearing on the State’s motion on May 19, 2005, appellant pleaded
“not true” to the allegations. Following the hearing, the trial court found that
appellant had violated the terms and conditions of his community supervision. The
trial court found that appellant had failed to obtain suitable employment; failed to
submit to random urinalysis; failed to perform community service; failed to pay the
fine, supervision fees, court costs, restitution, laboratory fees, and crime stoppers
fees; failed to obtain an offender identification card; and failed to participate in anger
management classes. The trial court adjudicated appellant guilty of manslaughter, as
charged in the indictment.
          Following a punishment hearing, the trial court assessed appellant’s
punishment at confinement for 20 years in the Institutional Division of the Texas
Department of Criminal Justice. The trial court certified appellant’s right to appeal. 
Appellant filed a timely notice of appeal.Cruel and Unusual Punishment
          In his first and second points of error, appellant contends that confinement for
20 years is disproportionate to the underlying offense of manslaughter under both the
Eighth Amendment of the U.S. Constitution and Article I, Section 13 of the Texas
Constitution. See U.S. Const. amend. VIII; Tex. Const. art. I, § 13. The State
responds that (1) appellant waived his claim of cruel and unusual punishment by
failing to make a timely objection to the sentence and (2) confinement for 20 years is
not cruel and unusual punishment under the Eighth Amendment. 
          Appellant admits that he did not lodge any objection at the time of sentencing. 
The general rule is that a timely objection is a prerequisite to preserving a complaint
for appellate review. Tex. R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129, 131 (Tex.
Crim. App. 2000) (plurality op.); Jaenicke v. State, 109 S.W.3d 793, 795 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). Generally, failure to preserve error results
in a waiver of the error. Hull v. State, 67 S.W.3d 215, 217–18 (Tex. Crim. App.
2002); Muniz v. State, 851 S.W.2d 238, 255 (Tex. Crim. App. 1993). Failure to make
a timely objection can result in the waiver of even a constitutional right. Muniz, 851
S.W.2d at 255; Russell v. State, 665 S.W.2d 771, 777 (Tex. Crim. App. 1983). The
right to be free from cruel and unusual punishment may be waived by a failure to make
a timely objection to the punishment. See Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d) (holding “[t]he constitutional right to be
free from cruel and unusual punishment may be waived”); see also Solis v. State, 945
S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). 
          In response to the State’s waiver argument, appellant responds that, during
closing argument, trial counsel “explicitly implored the court to impose a minimal
sentence and specifically argued proportionality of sentencing.”


 Appellant contends
that trial counsel’s statements during his closing argument amount to an Eighth
Amendment proportionality objection. Moreover, appellant contends that he was not
required to “raise an additional objection at the time of sentencing.” We disagree.
          To preserve error, an objection must be timely. Tex. R. App. P. 33.1(a)(1). To
be considered timely, an objection must be made at the first opportunity or as soon as
its basis becomes apparent. Wilson v. State, 44 S.W.3d 602, 606 (Tex. App.—Fort
Worth 2001, pet. ref’d); see also Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim.
App. 1995). At closing argument, trial counsel had no way of knowing what sentence
the trial court would ultimately impose. Any such objection during that time would
have been premature. Premature objections do not preserve error for appeal. 
Critchfield v. Smith, 151 S.W.3d 225, 235 (Tex. App.—Tyler 2004, pet. denied);
Singleton v. State, Nos. 05-92-01702-CR, 05-92-01703-CR, 05-92-01704-CR, 1993
WL 493734, at *3 (Tex. App.—Dallas Nov. 30, 1993, pet. ref’d) (not designated for
publication); Riley v. State, No. 10-02-202-CR, 2003 WL 23120120, at *1 (Tex.
App.—Waco Dec. 31, 2003, pet. ref’d) (mem. op.). Had appellant’s statements during
closing argument amounted to an objection, the objection would have been premature
and would not have preserved error for appeal. Because appellant made no timely
objection to his sentence, we conclude that appellant waived his complaint on appeal. 
See Tex. R. App. P. 33.1.
          Even if the issue were not waived, the trial court’s assessment of punishment
did not constitute cruel and unusual punishment. In support of his contention that the
20-year sentence imposed upon him constitutes cruel and unusual punishment,
appellant cites Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001 (1983). In Solem, the
Supreme Court held that criminal sentences must be proportionate to the crime and
that even a sentence within the statutorily prescribed range may violate the Eighth
Amendment. Id. at 290, 103 S. Ct. at 3009. The Court also stated, however, that
“[r]eviewing courts . . . should grant substantial deference to the broad authority that
legislatures necessarily possess in determining the types and limits of punishments for
crimes, as well as to the discretion that trial courts possess in sentencing convicted
criminals.” Id. at 290, 103 S. Ct. at 3009. The Court set forth three objective criteria
by which reviewing courts should analyze proportionality claims. They are: “(i) the
gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on
other criminals in the same jurisdiction; and (iii) the sentences imposed for
commission of the same crime in other jurisdictions.” Id. at 292, 103 S. Ct. at 3011. 
          In conducting an Eighth Amendment proportionality analysis, we first make a
threshold comparison of the offense against the severity of the sentence, judging the
gravity of the offense in light of the harm caused or threatened to the victim or society
and the culpability of the offender. Culton v. State, 95 S.W.3d 401, 403 (Tex.
App.—Houston [1st Dist.] 2002, pet, ref’d); Moore v. State, 54 S.W.3d 529, 542 (Tex.
App.—Fort Worth 2001, pet. ref’d). We also consider the sentence imposed in light
of appellant’s prior offense. Culton, 95 S.W.3d at 403. Only upon determining that
the sentence is grossly disproportionate to the offense do we need to consider the other
two factors from Solem. Id.
          In applying this test to the facts of this case, we note that manslaughter is a
violent crime. By definition, it results in the gravest of all consequences—the death
of a human being. Here, appellant’s actions alone lead to the death of the
complainant. In addition, aggravated robbery, appellant’s prior offense, is a violent
crime, a first degree felony. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). 
Appellant has committed two violent felonies, one of which resulted in the death of
the complainant. Appellant could have been sentenced from 5 years up to 99 years,
or life. Tex. Pen. Code Ann. § 12.32 (Vernon 2003). The 20-year sentence he
received is at the lower end of the statutorily-prescribed range. We cannot say that a
20-year sentence is grossly disproportionate under these circumstances. Because we
have found no gross disproportionality, it is unnecessary to evaluate the sentence
under the other two factors of the Solem test.
          We overrule appellant’s first and second points of error. 
Conclusion
We affirm the judgment of the trial court.
 
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).